91 N.J. Super. 509 (1966)
221 A.2d 550
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALBERT ARTHUR KLEIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 13, 1966.
Decided June 21, 1966.
*510 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. John V. Burns, assigned attorney, argued the cause for appellant.
Mr. Richard S. Cohen, Assistant Prosecutor, argued the cause for respondent (Mr. Edward J. Dolan, County Prosecutor, attorney).
*511 PER CURIAM.
Defendant Klein appeals from a conviction of the crime of possession of burglar's tools in violation of N.J.S. 2A:94-3 following a non-jury trial in the Middlesex County Court.
During the evening of February 4, 1963 State Trooper Fontanella saw an automobile operated by Philip Santoro, in which defendant was a passenger, parked in the service area of a Howard Johnson restaurant on the New Jersey Turnpike in Woodbridge. He observed Klein alight and walk through a row of automobiles parked in the area, looking into the cars. Klein had something in his hand, and tried the doors of a locked parked car. After the men left the area, the officer arranged for a teletype "look up" of the registered owner of the car, a 1957 Chevrolet with a New York license. He learned the owner was Philip Santoro of Bronx, New York, and notified other police officers to be on the lookout for the vehicle during the course of regular patrol duties.
Later in the evening Trooper Fontanella was called upon to investigate a theft of clothes and other personal property from the automobile owned by Leonard Mailman which had been parked in the Howard Johnson parking lot at Woodbridge. The Mailman car had been broken into by prying open the front vent window.
On the following evening of February 5 Trooper Fontanella observed the Santoro car parked in the service area of the Howard Johnson restaurant on the Turnpike at Cranbury. Both defendant and Santoro were in the vehicle. When the car left the area and proceeded on the Turnpike, Fontanella and another trooper stopped it. Santoro was the driver of the car and defendant was a passenger in the front seat. While examining the driver's credentials Fontanella saw a large screwdriver protruding from under a rubber floor mat directly under Klein's feet. The metal end of the screwdriver had been sharpened by shaving. The men were taken into custody. A subsequent search of Klein revealed a key case concealed in his wooden leg containing five car keys and a house key.
*512 Defendant was charged with being a disorderly person under N.J.S. 2A:170-1 (failure to give a good account of himself or engaged in an illegal occupation and in this State for an unlawful purpose). At trial before a local magistrate Klein was acquitted of the charge. He was subsequently indicted for possession of burglar tools and convicted. He contends that he was thus put twice in jeopardy and his conviction should be reversed.
We do not agree. Defendant raises the question of double jeopardy for the first time on this appeal. He made no motion to dismiss the indictment before trial on this ground, nor did he raise it at the trial. R.R. 3:5-5 specifically provides that the defense of double jeopardy must be raised by motion before trial and that failure to do so constitutes a waiver thereof. State v. Currie, 41 N.J. 531, 535 (1964). Defendant was represented by counsel and not having raised the issue below we hold he has waived the defense.
Defendant next argues that the trial court erred by refusing to grant his motion at the trial to suppress the screwdriver as evidence, on the ground that it was the product of an unlawful search and seizure. There is no merit to this contention. No motion to suppress was made before trial and defendant made no attempt to show why it could not reasonably have been made. R.R. 3:2A-6(a). The failure of defendant to so move constituted a waiver of any objection to the admission of such evidence. State v. Murphy, 85 N.J. Super. 391, 396 (App. Div. 1964). Furthermore, the record shows that when the screwdriver was subsequently offered in evidence defense counsel stated he had no objection.
Finally, it must be noted that the screwdriver was not the product of a search  it was clearly in view of the officer who stopped the automobile. State v. Griffin, 84 N.J. Super. 508, 517 (App. Div. 1964).
Defendant also alleges that a pair of ladies' boots found in Santoro's apartment and admitted into evidence was the product of an illegal search and seizure. No motion to suppress *513 having been made pursuant to R.R. 3:2A-6(a), objection on such ground was waived.
Defendant contends that there was no proof of violation of N.J.S. 2A:94-3 because the screwdriver and car keys in his possession were not adapted or designed for "cutting through, forcing or breaking open any building, room, vault, safe or other depository, in order to steal * * *." His argument is that the State attempted to show that defendant broke into the Mailman car and that an automobile is not included in the language of the statute. Common sense dictates that the statute includes a locked automobile as an "other depository." Defendant's argument is without merit. He also argues that proof of intent to use the keys and screwdriver for an unlawful purpose was not established. We are satisfied that criminal intent could readily be reasonably inferred in the light of the circumstances of this case.
We have considered the other points raised in defendant's brief and find them to be without merit.
The judgment of conviction is affirmed.