PEOPLE v. PAINTMAN

CRIMINAL LAW—EVIDENCE—SUFFICIENCY—WEIGHT—APPEAL AND ER-
ROR—MOTION FOR A NEW TRIAL.
> Contention that evidence was insufficient to support a con-
> viction of breaking and entering a business place with
> the intent to commit larceny is not properly preserved for
> review on appeal where defendant did not seek review in
> the lower court of his contention, because an objection going
> to weight of the evidence can be raised only by a motion for
> a new trial.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J.   Submitted Division 1 November 3,
1970, at Grand Rapids.   (Docket No. 9450.)   De-
cided December 8, 1970.

Norman Arthur Paintman was convicted of break-
ing and entering a business place with the intent to
commit a larceny.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, and *Dominick R. Carnovale,*
Chief, Appellate Department, for the people.

*Charles T. Burke,* for defendant on appeal.

Before: HOLBROOK, P. J., and R. B. BURNS and
FITZGERALD, JJ.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 652.

PER CURIAM. Defendant was tried by a jury and convicted on the charge of breaking and entering a business place with intent to commit larceny contrary to MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). On April 7, 1970 he was sentenced by Judge Joseph Gillis of the recorder's court to a term of eight to ten years imprisonment. With the assistance of court appointed appellate counsel a timely claim of appeal presents a single question for review. It is defendant's contention that the evidence was insufficient to support a finding of guilty beyond a reasonable doubt. The people have filed a motion to affirm the conviction and sentence.

An examination of the record reveals that at no time has the defendant attempted to seek review in the lower court of his contention that the evidence was insufficient to support a finding of guilty beyond a reasonable doubt. The issue is not properly preserved for review in this Court:

"An objection going to the *weight* of the evidence can be raised only by a motion for a new trial. On appeal, we review a denial for abuse of discretion. Here, no motion for a new trial was filed. The trial judge's discretion was, therefore, not invoked." *People* v. *Mattison,* 26 Mich App 453.

Motion to affirm the conviction and sentence is granted.