PEOPLE *v.* HEARNDON

1. CRIMINAL LAW—IDENTIFICATION PROCEDURE—IN-COURT IDENTIFICATION.

Identification procedure in which the complainant was shown mug shots of of her assailant and made a preliminary identification of the defendant as her assailant and in which the complainant identified the defendant at a lineup was not so prejudicial as to taint the subsequent in-court identification even though the complainant was hesitant about the accuracy of her identification testimony at the preliminary examination where at the defendant's trial, complainant stated she was positive about the identification.

2. CRIMINAL LAW—EVIDENCE—WEIGHT OF EVIDENCE.

Contentions of the defendant, convicted of rape, that the complainant, who identified the defendant, stated outside the courtroom that she wasn't sure who had raped her and that the complainant said that because she was sick of the "whole mess", if something wasn't done on that day she wouldn't come to court anymore, concern the weight of the evidence and can be raised only on a motion for a new trial.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 December 16, 1970, at Detroit. (Docket No. 8208.) Decided February 23, 1971. Leave to appeal denied as moot July 19, 1971, 385 Mich 771.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 367, 371, 372.
[1] Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.
[2] 30 Am Jur 2d, Evidence § 1143.
39 Am Jur, New Trial § 169.

Albert Hearndon was convicted of rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Eddie D. Smith,* for defendant on appeal.

Before: V. J. Brennan, P. J., and J. H. Gillis and Jeannette,* JJ.

Per Curiam. Defendant was convicted by a jury of rape, MCLA § 750.520 (Stat Ann 1954 Rev § 28.788), and sentenced to 15 to 20 years in prison.

The complainant, Mrs. Annie Sanders, alleged that on September 20, 1967, between 7 and 7:30 a.m., she was awakened by a man in her bedroom who was choking her and threatening her to remain silent. She was forced to have sexual intercourse with her assailant. She called the police as soon as her assailant was gone and was taken to a hospital for examination.

On or about November 5, 1967, Officer Richard Waldis of the Detroit Police Department talked to complainant and showed her some mug shots at her home, whereupon she made a preliminary identification of her assailant. Thereafter, on November 14, 1967, a lineup was conducted at police headquarters, at which time complainant identified defendant as her assailant.

On appeal defendant contends that the identification process was so prejudicial as to taint the sub-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sequent in-court identification and that there was insufficient evidence to support a finding of guilt beyond a reasonable doubt.

At the preliminary examination complainant identified defendant but showed considerable hesitation about the accuracy of the identification. She was certain that defendant was the man she had identified from the police photographs but much less certain that he was the person who had raped her. At trial, when confronted with the testimony from the preliminary hearing, complainant stated that while she was uncertain at that time, she was now positive of her identification.

A review of the record discloses no identification procedures which taint the in-court identification. There is sufficient evidence, if believed by the jury, to justify a finding of guilt beyond a reasonable doubt. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519; *People* v. *Weems* (1969), 19 Mich App 553.

In further support of his arguments concerning identification, defendant includes two affidavits detailing an alleged conversation between complainant and another woman in the corridor outside the courtroom. Both women had been victims of rapes and both agreed that they did not know who had raped them. Complainant further stated that she was sick of the whole mess and that if something wasn't done that day it would be the last time that she came to court.

These allegations made by defendant go to the question of the weight of the evidence. The issue is not properly preserved for review in this Court:

"An objection going to the *weight* of the evidence can be raised only by a motion for a new trial. On

appeal, we review a denial for abuse of discretion. Here, no motion for a new trial was filed. The trial judge's discretion was, therefore, not invoked." *People* v. *Paintman* (1970), 28 Mich App 590.

Affirmed.