PEOPLE v. SMITH

1. NEW TRIAL—MOTION—WEIGHT OF EVIDENCE.

> The issue of the weight of the evidence must first be presented to the trial court by a motion for a new trial; absent a motion for a new trial, the discretionary power of the court has not been invoked and, therefore, there cannot have been an abuse of discretion.

2. BURGLARY—POSSESSION OF BURGLAR TOOLS—AUTOMOBILES—CAR TRUNK—DEPOSITORY.

> The trunk of a motor vehicle is a depository within the meaning of the statute making it illegal to possess burglar tools adopted to breaking open any building, room, vault, safe, or *other depository*, because an automobile trunk is clearly a place where things are deposited or stored for safekeeping or convenience, and as such is within the scope of the statute (MCLA § 750.116).

Appeal from Recorder's Court of Detroit, Daniel J. Van Antwerp, J. Submitted Division 1 September 7, 1971, at Grand Rapids. (Docket No. 11456.) Decided September 29, 1971.

Andrew Smith was convicted of possession of a burglar tool and attempted breaking and entering of a motor vehicle. Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur 2d, New Trial § 14 *et seq.*
[2] 13 Am Jur 2d, Burglary §§ 61, 74–77.
Validity, construction and application of statutes relating to burglars' tools. 33 ALR3d 798.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Burton L. Borden,* for defendant on appeal.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM. The defendant was convicted, after a non-jury trial, of possession of a burglar tool (ground and filed channel lock pliers), MCLA § 750.116 (Stat Ann 1962 Rev § 28.311) and attempted breaking and entering of a motor vehicle for the purpose of stealing, MCLA § 750.356a (Stat Ann 1954 Rev § 28.588[1]) and MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).

On appeal the defendant has raised two issues. First, he argues that the evidence against him was purely circumstantial and that it was insufficient to prove him guilty beyond a reasonable doubt of the crime of attempted breaking and entering a motor vehicle for the purpose of stealing.

The issue of the weight of the evidence must first be presented to the trial court by a motion for a new trial. No such motion having been filed in this case, the discretion of the trial court was not invoked. There being no exercise of discretionary power, there is nothing for this Court to review to determine if there was any abuse of discretion. *People* v. *Paintman* (1970), 28 Mich App 590; *People* v. *Hearndon* (1971), 31 Mich App 113. From our review of the record we conclude that there was sufficient evidence to support a conviction.

The defendant's other issue is whether the possession of a burglar tool adapted for use in breaking into the trunk of a motor vehicle is within the statute making it illegal to possess burglar tools adapted to breaking open "any building, room, vault, safe or other depository." The defendant argues that the trunk of a motor vehicle is not a building, room, vault, safe, or other depository within MCLA § 750.116 (Stat Ann 1962 Rev § 28.311), and therefore the statute does not apply in this case.

MCLA § 750.116 (Stat Ann 1962 Rev § 28.311) reads:

"Any person who shall knowingly have in his possession any nitroglycerine, or other explosive, thermite, engine, machine, tool or implement, device, chemical or substance, adapted and designed for cutting or burning through, forcing or breaking open any building, room, vault, safe or other depository, in order to steal therefrom any money or other property, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ the same for the purpose aforesaid, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years."

This question is one of statutory construction. Can the trunk of a car be considered included in the words "other depository?" No Michigan case in point has been found. The language "any building, room, vault, safe or other depository" was added to a former act in 1867, some years before the burglary of motor vehicle trunks became a social problem. *People* v. *Howard* (1888), 73 Mich 10. The applicable definition of the word "depository" in Webster's Third New International Dictionary (p 606) is "a place where something is deposited or stored (as for safekeeping or convenience)".

Essentially the same question of statutory construction has been raised in three cases in other states. In each case the courts held that the words "other depository" did include locked cars or the trunks of motor vehicles. The three cases are *Commonwealth* v. *Tilley* (1940), 306 Mass 412 (28 NE2d 245); *State* v. *Klein* (1966), 91 NJ Super 509 (221 A2d 550); and *Greene* v. *State* (Fla App, 1970) 237 So 2d 46.

In the *Tilley* case, the statute involved was first enacted in 1853. The court recognized that automobiles were not in use at that time and consequently the legislature could not have had automobile trunks in mind when enacting the statute. Nevertheless, the court held that the statute was framed in general terms and could include conditions in the future not even known at the time of the enactment if they were fairly within the meaning of the words and within the obvious scope and purpose. The *Tilley* case was cited the next year by the United States Supreme Court for the proposition that while a statute speaks from its enactment, even a criminal statute embraces everything which subsequently falls within its scope. *Browder* v. *United States* (1941), 312 US 335 (61 S Ct 599, 85 L Ed 862).

The *Klein* case, *supra,* involves a locked car rather than a locked car trunk. The court summarily disposed of Mr. Klein's argument that an automobile was not included in the language of the statute by stating, p 513:

"Common sense dictates that the statute includes a locked automobile as an 'other depository'."

The *Greene* case, *supra,* again involved a locked car trunk. That court also considered the argument based on the fact that the statute involved was adopted before automobiles were invented. Rely-

ing on the *Tilley* case, *supra,* the court held that an automobile trunk was a depository within the meaning of the pertinent criminal statute.

While the *Tilley, Klein,* and *Greene* cases are not controlling authority in this state, we too are convinced that the trunk of a motor vehicle is included in the words "other depository" as used in the statute in question.   An automobile trunk is clearly a place where things are deposited or stored for safekeeping or convenience and as such we hold that it is within the scope and purpose of the statute.

Affirmed.