## PEOPLE v WILSON

Docket No. 106252. Submitted June 6, 1989, at Grand Rapids. Decided
    September 5, 1989.

Otis Lee Wilson was convicted by a Kent Circuit Court jury of
    attempted breaking and entering of a motor vehicle with intent
    to steal property worth over five dollars, and possession of
    burglary tools. Defendant also pled guilty to being a habitual
    offender, third offense. The court, George S. Buth, J., imposed
    concurrent sentences of imprisonment. Defendant appealed.

The Court of Appeals held:

1. Testimony was presented in support of a conclusion by the
jury that the burglary tools in question here, a thin fiberglass
antenna and a flat piece of steel about two feet long and a half
inch wide, were adapted and designed for the purpose of
breaking into a locked automobile.

2. For purposes of the statute which in part proscribes the
possession of tools adapted and designed for breaking into a
depository, a locked automobile may be considered as a deposi-
tory.

3. Defendant's convictions do not violate state and federal
constitutional protections against double jeopardy. The statute
proscribing possession of burglary tools and the statute relating
to breaking and entering of an automobile address distinctly
different evils and require proof of different elements for con-
viction.

4. Defendant failed to show that he was prejudiced by his
counsel's failure to present expert testimony to controvert the
claim that the fiberglass antenna and flat piece of steel were
burglary tools. Defendant therefore cannot claim that he was
denied effective assistance of counsel as a result of counsel's
failure to present such testimony.

Affirmed.

REFERENCES

Am Jur 2d, Burglary §§ 61, 74-77; Criminal Law §§ 243 et seq.
Burglary, breaking, or entering of motor vehicle. 72 ALR4th 710.
Validity, construction, and application of statutes relating to bur-
    glars' tools. 33 ALR3d 798.

1. CRIMINAL LAW — POSSESSION OF BURGLARY TOOLS

    The term "adapted and designed," as used in the statute proscrib-
    ing the possession of burglary tools, means something more
    than common household articles capable of use in breaking and
    entering; such tools must not only be adapted, i.e., capable of
    being used in breaking and entering, but must also be designed
    for breaking and entering, i.e., contrived or taken to be em-
    ployed for such purpose (MCL 750.116; MCL 28.311).

2. CRIMINAL LAW — POSSESSION OF BURGLARY TOOLS — DEPOSITORIES
    — AUTOMOBILES.

    A locked automobile may be considered as a depository for
    purposes of the statute which proscribes the possession of tools
    adapted and designed for breaking into a depository (MCL
    750.116; MCL 28.311).

3. CRIMINAL LAW — POSSESSION OF BURGLARY TOOLS — BREAKING
    AND ENTERING A MOTOR VEHICLE — DOUBLE JEOPARDY.

    Convictions arising out of one criminal episode for both posses-
    sion of burglary tools and attempted breaking and entering of a
    motor vehicle with intent to steal property worth over $5 do
    not violate state and federal constitutional protections against
    double jeopardy (US Const, Am V; Const 1963, art 1, § 15; MCL
    750.92, 750.116, 750.356a; MSA 28.287, 28.311, 28.588[1]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William A. Forsyth,*
Prosecuting Attorney, *Timothy K. McMorrow,*
Chief Appellate Attorney, and *Carol K. Bucher,*
Assistant Prosecuting Attorney, for the people.

*Hachnel & Calomeni* (by *E. Craig Smith*), for
defendant on appeal.

Before: CYNAR, P.J., and CAVANAGH and N. J.
KAUFMAN* JJ.

CYNAR, P.J. Following a jury trial, defendant
was convicted of attempted breaking and entering
of a motor vehicle with intent to steal property
worth over five dollars, MCL 750.356a; MSA

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

28.588(1); MCL 750.92; MSA 28.287, and possession of burglary tools, MCL 750.116; MSA 28.311. Defendant also pled guilty to being a habitual offender, third offense, MCL 769.11; MSA 28.1083. Defendant was sentenced to concurrent prison terms of two to five years on the attempted breaking and entering conviction, and three to twenty years on the possession of burglary tools conviction. Defendant appeals as of right. We affirm.

Defendant first argues that the trial court erred in denying his motion to dismiss the charge of possession of burglary tools since there was no proof that the items used were "adapted and designed" for breaking into a depository, as required under the statute. MCL 750.116; MSA 28.311. We do not agree. The circumstances surrounding defendant's arrest fully support such a finding by the jury.

In *People v Dorrington,* 221 Mich 571, 574; 191 NW 831 (1923), our Supreme Court stated:

> The term "adapted and designed" means something more than mere common household articles capable of use in breaking and entering. To come within the statute, the tools must not only be adapted, that is, capable of being used in breaking and entering, but as well designed, that is, contrived or taken to be employed for such purpose.

Our own Court in *People v Gross,* 118 Mich App 161, 167; 324 NW2d 557 (1982), found that an ordinary crowbar was a burglary tool adapted and designed for an illegal purpose where the arresting officer testified that he observed the defendant using the crowbar during the burglary to pry off a coin unit on a pool table, and to smash the glass on pinball machines, a jukebox, and a cigarette machine.

The same situation exists here. The items at

issue were a thin fiberglass antenna, and a flat piece of steel, about two feet long and a half inch wide, resembling a baling strip. The arresting officer testified that he saw defendant trying to open the car door by moving the items up and down between the door and window. In his twelve years on the police force, the officer had also opened locked automobiles using a flat piece of metal in a similar fashion. In fact, defendant himself admitted that he knew from "watching television" that a car could be broken into using the flat piece of steel in the manner described.

We also find no merit to defendant's contention that § 116 was not intended to apply to the passenger compartment of an automobile as an "other depository" for purposes of a charge of breaking and entering. In *People v Andrew Smith,* 36 Mich App 180, 184; 193 NW2d 397 (1971), our Court held that an automobile trunk is clearly a place where things are deposited or stored for safekeeping or convenience, and as such it is within the scope and purpose the statute. In reaching that conclusion, the panel relied on three opinions from other jurisdictions with similar statutes, including *State v Klein,* 91 NJ Super 509; 221 A2d 550 (1966). In *Klein, supra,* p 513, the court reasoned simply that "[c]ommon sense dictates that the statute includes a locked automobile as an 'other depository.' " We agree.

Defendant's next argument is that his conviction and punishment for both possession of burglary tools and the attempted breaking and entering for which they were used constitutes double jeopardy in violation of both the federal and state constitutions. US Const, Am V; Const 1963, art 1, § 15. Defendant argues the possession conviction should be vacated as a lesser included offense of the breaking and entering conviction. We disagree.

One of the protections afforded by the Fifth Amendment guarantee against double jeopardy is the protection against multiple punishment for the same offense to insure that courts confine their sentences within the limits established by the Legislature. *People v Sturgis,* 427 Mich 392, 399; 397 NW2d 783 (1986). Under the federal test, two separate offenses exist where each offense requires proof of at least one fact which the other does not. *Blockburger v United States.* 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932). In Michigan, the *Blockburger* test is helpful as a "rough proxy" for analysis of the essential issue, i.e., whether the Legislature intended multiple punishments in order to address distinctly different evils. *Sturgis, supra,* p 409; *People v Walker,* 167 Mich App 377, 383-384; 422 NW2d 8 (1988).

Conviction for possession of burglary tools requires proof that the defendant possessed tools adapted and designed for breaking and entering, that defendant had knowledge that the tools were adapted and designed for that purpose, and that the defendant possessed them with the intent to use them for breaking and entering. MCL 750.116; MSA 28.311; *People v Murphy,* 28 Mich App 150, 157; 184 NW2d 256 (1970), lv den 384 Mich 807 (1971).

The evil intended to be addressed by that statute is plainly the possession of such tools. That is clearly not an element of, nor the interest behind, the crime of attempted breaking and entering of a motor vehicle, where the focus is plainly on the attempted act of breaking and entering. The offense does not require proof of possession of any burglary tools for conviction. MCL 750.356a; MSA 28.588(1); MCL 750.92; MSA 28.287; *People v Nichols,* 69 Mich App 357, 359; 244 NW2d 335 (1976), lv den 399 Mich 808 (1977).

Finally, defendant argues unpersuasively that he was denied effective assistance of counsel in violation of both US Const, Am VI and Const 1963, art 1, § 20 by his trial attorney's failure to present expert testimony to controvert the possible use of the fiberglass antenna and the flat strip of baling metal as burglary tools.

Defendant relies on *People v Garcia,* 398 Mich 250, 264-266; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977). While at least one panel of our Court is of the opinion that the federal standard articulated in *Strickland v Washington,* 466 US 668, 687-689; 104 S Ct 2052; 80 L Ed 2d 674 (1984), reh den 467 US 1267 (1984), overrules *Garcia* even under the Michigan Constitution, creating an apparent conflict which our Supreme Court has not yet resolved, see *People v Dalessandro,* 165 Mich App 569, 574-575; 419 NW2d 609 (1988), consideration of conflict declined 430 Mich 880 (1988), we find little or no practical difference between the two tests. Both standards presume effective assistance of counsel, and both require defendant to overcome the presumption by showing deficient and unreasonable conduct by counsel, and resultant prejudice.

Nevertheless, regardless of the test employed, defendant fails to carry his burden here. Since there was no motion for a new trial or request for an evidentiary hearing, review is limited to the record. *People v Kenneth Johnson,* 144 Mich App 125, 129-130; 373 NW2d 263 (1985), lv den 424 Mich 854 (1985). The record reveals that defendant was indeed attempting to break into the car with the antenna and the piece of steel. Whether he would have actually succeeded if allowed to continue is immaterial. In addition, defendant admitted that he knew that the piece of steel could be used as a burglary tool to break into an automo-

bile. Therefore, defendant, at the very least, has failed to establish any prejudice by the failure of his counsel to present expert testimony on this issue.

Affirmed.