MULLIKEN *v.* CITY OF CORUNNA.

1. PERSONAL INJURIES—EVIDENCE—EXCLAMATIONS OF PAIN.
    In a personal injury case, the physician who attended the plaintiff may testify to declarations of pain made by the latter immediately after the injury.

2. APPEAL—IRRESPONSIVE TESTIMONY—FAILURE TO OBJECT.
    An objection to testimony which was not responsive to the question asked cannot be raised on appeal, where no motion was made on the trial to strike it out.

3. TRIAL—PERSONAL INJURIES—VIEW OF PREMISES BY JURY.
    In a personal injury case, the court may, in its discretion, refuse to permit the jury to view the premises where plaintiff claims to have been injured.

4. MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALK — NOTICE — INSTRUCTIONS TO JURY.
    In an action against a municipality for injuries sustained by stepping into a hole in a sidewalk, an instruction that defendant would be presumed to have had notice of the hole in the walk, if it rendered it out of reasonable repair, and had existed for from one to six months before the injury, and was of such a character as would naturally arrest the attention of persons passing by, if objectionable as determining, as a matter of law, what would be reasonable notice, is cured by a subsequent charge that, before plaintiff can recover, the jury must find that defendant, after constructive notice of such hole, had sufficient time to put it in repair, and neglected to do so.

Error to Shiawassee; Montague, J. Submitted June 5, 1896. Decided July 21, 1896.

Case by Mary W. Mulliken against the city of Corunna for injuries sustained by reason of a defective sidewalk. From a judgment for plaintiff, defendant brings error. Affirmed.

*Austin E. Richards* (*A. L. Chandler*, of counsel), for appellant.

*Watson & Chapman*, for appellee.

LONG, C. J.    This suit was brought to recover for an injury caused by the alleged negligence of the defendant in not keeping a cross-walk in repair.    The injury occurred on May 24, 1894.    Plaintiff alleges that the injury was caused by a hole in this cross-walk, into which she fell and injured her leg, and, as she claims, permanently disabled herself.    The defendant contended on the trial that there was no hole at such place, and that, if there was, the city had no notice of it, either actual or constructive.    The testimony of plaintiff shows that in the winter of 1893 and the spring of 1894 this hole was noticed by passers-by, and was from 14 to 18 inches in length, and from 3 to 5 inches wide, tapering at one end.    Several of plaintiff's witnesses testified to having seen this hole there during the fall and winter of 1893–94, and up to the time of the accident.    This was disputed by the defendant, who introduced testimony tending to show that there was no hole there; but that question was left, under the charge of the court, for the determination of the jury.

On the trial, plaintiff introduced as a witness Dr. Curtis, who testified that he attended the plaintiff, as her physician, after the injury.    He stated that when he first called he found her suffering a great deal of pain, her left ankle was badly swollen, and there was a fracture of the small bone of the leg on the outside, reaching about $1\frac{1}{2}$ inches above the ankle joint.    He was then asked, "What complaint did she make at that time, if you remember, about the pain in her head and back?"    This was objected to as incompetent and immaterial, but admitted by the court.    The witness answered: "She did complain of her back at that time; telling me, I think, it was from the effects of the fall."    Defendant's counsel contend that the court was in error in permitting

the witness to state what complaint she made, as it was not confined to any particular time. We think the testimony shows conclusively that it was confined to the time immediately after the injury, and was properly admitted. *Will* v. *Village of Mendon*, 108 Mich. 251, and cases there cited. The question itself was proper, and, if the answer had been limited to the question asked, it certainly would not have been objectionable; but as no motion was made to strike out the part of the answer in which witness stated, "telling me, I think, it was from the effects of the fall," no objection can be taken to it at this time.

It is next contended that the court was in error in permitting the plaintiff to introduce in evidence a part of the broken plank, which had been removed, as there was no proof that it was in the same condition as when the injury occurred. In this counsel are in error, as it is clearly shown in the record, by the witness Mulliken, that the plank was in the same condition as when it was taken up, which was very soon after the accident.

It is also contended that the court was in error in not permitting the jury to view the premises. This was a matter entirely within the discretion of the court.

It is further contended that the court was in error in charging the jury as follows:.

"If there was a hole in the side of the cross-walk that rendered it out of reasonable repair, and so that it was not in reasonably safe condition and fit for public travel for a long time prior to the injury,—for one month to six months prior to the injury,—and said hole was open and notorious, and of such a character as would naturally arrest the attention of the person passing by, then the city of Corunna will be presumed to have had notice of said hole, and the unsafe condition of said cross-walk caused thereby."

Counsel contend that this instruction to the jury determined what was reasonable notice as matter of law, instead of submitting that question to the jury as one

of fact.   If this portion of the charge, left standing alone, would be error, other portions of the charge cure the defect.   At the request of defendant's counsel the court subsequently charged:

"Before the plaintiff can recover, she must convince the jury by a preponderance of the evidence   *   *   * that the defendant, after constructive notice of said hole in the cross-walk, has had sufficient time to put the same in repair, and neglected so to do."

The charge, as a whole, cannot be said to have misled the jury as to the law of the case.

Some other errors are assigned, but, after a careful examination of the case, we are satisfied that no error has been committed.

The judgment will be affirmed.

The other Justices concurred.