THIRKILL *v.* KANSAS CITY LIFE INS. CO.

1. INSURANCE—ACCIDENT—DOUBLE INDEMNITY—BURDEN OF PROOF—
PROXIMATE CAUSE.

Plaintiff, suing insurer to recover double indemnity under life
insurance policy for accidental death of insured husband, had
burden of proving abrasion of shin afforded portal for entry
of infection which caused blood poisoning and death.

2. EVIDENCE—HEARSAY—ACCIDENTAL INJURY—DOCTOR'S TESTIMONY.

In beneficiary's action against insurer to recover double in-
demnity under life insurance policy for accidental death of
insured husband, admission of testimony of attending doctor
that deceased said he had received an injury to leg *held*, error
since it was the relation of a past event and not at all neces-
sary for treatment.

3. APPEAL AND ERROR—DEATH CERTIFICATE—DOCTOR'S TESTIMONY
—CAUSE OF DEATH.

In action to recover double indemnity for accidental death of
insured, admission of testimony of doctor who attended de-
ceased that latter had told him of injury to leg, through which
it is claimed fatal infection entered, *held*, not reversible error,
where death certificate, signed by witness and reciting death
ensued from infection following injury to leg, had been re-
ceived in evidence without objection and no subsequent motion
made to strike it out.

4. INSURANCE—ACCIDENT—DOUBLE INDEMNITY—ABRASION ON SHIN
—INFECTION—QUESTIONS FOR JURY—EVIDENCE.

In action for double indemnity for accidental death of insured,
evidence *held*, sufficient to present to jury issues of whether or
not abrasion on shin was accidental, afforded a portal of entry
for infection and that infection, so entered, caused blood
poisoning and death, notwithstanding evidence that deceased
had varicose veins in same leg.

5. APPEAL AND ERROR—VERDICT—END OF LITIGATION.

Unless there is found serious error reflected in the verdict, the
combined efforts of counsel, court and jury to ascertain the
facts and apply the law thereto should end a well tried case.

6. TRIAL—INSTRUCTIONS—REPETITION.

A right instruction, even if repeated, cannot be held error.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 6, 1936. (Docket No. 16, Calendar No. 39,091.) Decided January 4, 1937.

Action by Arletta M. Thirkill against Kansas City Life Insurance Company, a corporation, on an insurance policy for double indemnity. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Mason, Sharpe & Stratton,* for plaintiff.

*Harry C. Howard, William J. Howard* and *John C. Howard,* for defendant.

WIEST, J. Plaintiff, as beneficiary under an insurance policy on the life of her husband, having been paid single indemnity, brought this action to recover double indemnity as provided therein as follows:

"If the death of the insured shall result, independently and exclusively of all other causes, from bodily injury, effected directly by external, violent and accidental means, within 90 days from the happening of such injury, of which, other than in the case of drowning or asphyxiation, there shall be visible contusion or wound, on the exterior part of the body, * * * provided, that there shall be no liability hereunder for death resulting * * * directly or indirectly, wholly or in part, from poisoning, infection, or any kind of illness, disease or mental infirmity."

The insured died from blood poisoning caused, it is claimed, by an abrasion of his shin some weeks earlier, affording an infection entry poisoning the blood stream. The injury, without infection, was not serious but, with subsequent infection, if so introduced, and, therefore, secondary in point of time, was fatal.

The issue the court submitted to the jury was whether the injury to the shin was the seat of the infection or secondary cause of death. Plaintiff had verdict and judgment thereon. Defendant's motions for judgment, notwithstanding the verdict, and a new trial were denied, and review is by appeal.

The abrasion on the shin happened on or about March 15, 1935, was the size of a half dollar and evidently, at first, was not considered serious for only simple home treatment was applied and the man continued in his employment until April 29th, at which time a physician was called and death occurred on May 1st.

In order to have recovery under the policy the burden was on the plaintiff to prove that the injury to the shin afforded a portal of entry for the infection, and that the infection causing blood poisoning and death did so enter. To make such proof plaintiff offered a certified copy of the death certificate, and counsel for defendant stated there was no objection thereto.

The certificate, among other things, stated:

"The principal cause of death and related causes of importance were as follows: Septicemia from hemolytic streptococcus from infection in calf of right leg with phlebitis. * * * Infection following injury to leg."

After introduction of the certificate the doctor who made it testified that:

"The cause of the infection was probably an infection from the outside through a break in the skin. * * *

"I assumed at the time that I saw the patient that he had had an injury from statements made, which was part of the medical history. * * *

"As part of the history I was told that he had received an injury upon his leg. * * *

"The patient told me that he had been injured some time previously at this point of the leg, and that the—and that I assumed from the statement and from the appearance of the leg that that was the source of the entrance of the infection. * * *

"The cause of death is infection in the leg which gained entrance through previously existing wound."

There was error in permitting the doctor to testify that the insured said he had received an injury to the leg, for that was but the relation of a past event and not at all necessary for treatment but, with the death certificate so in evidence and no motion made to strike it out by reason of the subsequent testimony of the maker thereof, we do not think the error should bring reversal.

If the abrasion afforded a portal of entry through which the infection entered, poisoned the blood stream and caused death, then the double indemnity was due plaintiff as beneficiary. That the abrasion was accidental was clearly inferable from the evidence and also that the infection could thereby enter and poison the blood stream. The insured had on the same leg varicose veins and the possibility of blood poisoning therefrom was presented by evidence. If from such source plaintiff could not recover. By verdict the jury negatived such source of poisoning of the blood stream.

We do not find that defendant was unduly hampered in presenting that issue. The case was well tried and the combined efforts of counsel, court and jury to ascertain the facts and apply the law thereto ought to end the litigation unless there is found serious error reflected in the verdict. Slight errors, but without any particular significance, may be

found and they are passed as no more than abstract technicalities.

Complaint is made of repeated instructions relative to right of recovery in case the injury to the shin afforded entry of the infection and, therefore, was secondary in effect. A right instruction, even if repeated, cannot be held error.

Upon an examination of the record we think there was evidence to go to the jury upon the issues of whether the abrasion was accidental, afforded a portal of entry for infection and that the infection so entered and caused poisoning of the blood stream and death of the insured.

We find no reversible error and the judgment is affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. TOY, J., took no part in this decision. POTTER, J., did not sit.