## PEOPLE *v.* BALLARD

1. CRIMINAL LAW—EVIDENCE—OBJECTIONS—APPEAL AND ERROR—PRESERVING QUESTION.

   Testimony not objected to at trial is not preserved for review on appeal.

2. CRIMINAL LAW—EVIDENCE—ATTEMPTED JAIL BREAK.

   Evidence of flight is admissible in a criminal case to show state of mind and cross-examination of a defendant in which he admitted planning to escape from jail was proper in a prosecution for breaking and entering.

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 June 3, 1970, at Lansing. (Docket No. 7,818.) Decided July 1, 1970.

Jimmy Wayne Ballard was convicted of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harvey A. Koselka,* Prosecuting Attorney, for the people.

*William H. Walker,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and ROOD,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Evidence § 737 *et seq.*
[2] 29 Am Jur 2d, Evidence § 285.

PER CURIAM. March 7, 1967, a jury convicted defendant of breaking and entering contrary to MCLA § 750.110 (Stat Ann 1965 Cum Supp § 28.305), and he was sentenced. October 29, 1968, defendant filed a motion for new trial, and it is from the denial of this motion that he appeals.

During defendant's trial, an accomplice, charged but not tried, testified for the people. In his direct examination, this witness admitted being convicted of an attempt to escape from jail while awaiting trial. When asked if he and defendant planned and attempted to escape, this witness refused to answer on the basis of US Const, Am 5. The witness was not required to answer.

The defense was alibi and during defendant's cross-examination, he admitted planning to escape jail with the accomplice. The testimony of the accomplice and of defendant relating to planning escape was taken over objection. The admission of this testimony was the basis of the motion for new trial and is the ground for requested appellate relief.

Defendant makes several arguments in support of his contention that reversible error occurred by the admission of testimony relating to escape. First, defendant argues that the attempted escape conviction testimony of the accomplice was improper because it was introduced solely for the purpose of prejudicing the jury. This testimony was not objected to and the question was not preserved for review. *Arnold* v. *Ellis* (1966), 5 Mich App 101.

Second, it is defendant's position that the evidence concerning escape was irrelevant and immaterial to the offense for which defendant was being tried. This argument overlooks the rule that evidence of flight is admissible. *People* v. *Cammarata* (1932), 257 Mich 60, 66, *People* v. *Bunker* (1970), 22 Mich

App 396. Such evidence was not irrelevant and immaterial.

The foregoing finding obviates discussion of defendant's third argument which is that the admission of the irrelevant evidence forced him to testify in violation of his privilege against self-incrimination.

The grant of a motion for new trial is discretionary, *People* v. *Love* (1969), 18 Mich App 228. A review of this record does not persuade us that the trial court abused its discretion in this case.

Affirmed.