PEOPLE v KYLES

1. CRIMINAL LAW—EVIDENCE—FLIGHT.

Evidence of flight is admissible, relevant, and material in a criminal case, and can lead to an inference of guilt.

2. CRIMINAL LAW—CREDIBILITY—EVIDENCE—INSTRUCTIONS TO JURY.

Instruction to the jury that the prosecution and the defense witnesses could not all be telling the truth and that it was for the jury to determine where the truth lies was not prejudicial where there were discrepancies in the testimony concerning whether defendant fled from the crime, evidence of flight being admissible as evidence of guilt, and where the court instructed the jury that its province was to determine the facts and that its determination should not be influenced by the court's comments on the facts.

3. CRIMINAL LAW—PROSECUTOR'S REMARKS—EVIDENCE.

The prosecutor is entitled to comment on the evidence and draw reasonable inferences therefrom.

4. CRIMINAL LAW—PROSECUTOR'S REMARKS—EVIDENCE.

Comment by the prosecutor that the defendant had a high duty to stay clear of trouble because of his prior convictions did not result in reversible error where the comment was made to attack the credibility of the defendant's story that he was only an innocent bystander at the scene of the crime and the jury was instructed as to the limited use of prior conviction evidence, because the comment did not relate to the ultimate fact of guilt or innocence and did not impede the jury's power to determine the facts from the evidence before it.

5. CRIMINAL LAW—INCLUDED OFFENSES—INSTRUCTIONS TO JURY—AFFIRMATIVE EXCLUSION.

Instruction to the jury that there are only two verdicts "guilty as charged or not guilty" does not constitute an affirmative exclusion of lesser included offenses.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence §§ 280 *et seq., 1128.*

[2] 53 Am Jur, Trial § 787 *et seq.*

[3] 42 Am Jur, Prosecuting Attorneys § 14.

[4] 53 Am Jur, Trial § 584 *et seq.*

[5, 6] 53 Am Jur, Trial § 799.

6. Criminal Law—Included Offenses—Instructions to Jury.
    Failure to instruct the jury on lesser included offenses is not
    reversible error where the instruction given does not constitute
    an affirmative exclusion of lesser included offenses and there
    has been no request to instruct on lesser included offenses.

Appeal from Wayne, James Montante, J. Sub-
mitted Division 1 March 13, 1972, at Detroit.
(Docket No. 11991.) Decided April 28, 1972. Leave
to appeal denied, 388 Mich 755.

Ollie L. Kyles was convicted of breaking and
entering with intent to commit larceny. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Thomas P.
Smith,* Assistant Prosecuting Attorney, for the
people.

*Arthur J. Tarnow,* State Appellate Defender,
and *Daniel S. Seikaly,* Assistant Defender, for
defendant.

Before: R. B. Burns, P. J., and Holbrook and
Quinn, JJ.

Holbrook, J. Defendant was convicted by a jury
of breaking and entering with intent to commit
larceny. MCLA 750.110; MSA 28.305.

Police officers testified that while on patrol they
received a radio dispatch to proceed to a television
repair shop where an alarm was sounding. They
observed a vehicle with three persons in the front
seat near the repair shop. When they turned to go
after this automobile, it made an eluding action,
headed over a gas station lot, over a cement abutt-
ment, across an alley, and smashed into a cyclone

fence. Three persons jumped out of the automobile and one got away. The other two were apprehended as they tried to go over the cyclone fence. One of the suspects was identified as the defendant. Four portable televisions and a hi-fi set were found in the abandoned vehicle. They had been taken from the television repair shop where a front window had been broken.

Defendant denied any implication in the crime. He testified that he asked the driver if he had just pulled a B & E and when he said yes, he asked to be let out of the automobile. As he was getting out, the police arrived and the driver speeded up and there was an accident. He said he got out of the vehicle, went to the fence, and was laying on the fence when the officer said, "Halt", and he was arrested.

On appeal, defendant asserts three issues.

## I.

Was the trial court's comment that various witnesses "can't all be telling the truth" prejudicial, and grounds for reversal notwithstanding defense counsel's failure to object?

The following jury instruction forms the basis for defendant's allegation of error:

"Now, members of the jury, you have heard the testimony on the part of the people and you have heard the testimony of the two defendants. Obviously, members of the jury, they can't all be telling the truth, and it is your job, your task, to determine where the truth lies."

Defendant urges that there were only insignificant discrepancies in the testimony presented such as whether defendant was trying to climb over the cyclone fence when apprehended. Due to a lack of

contradictory evidence, the judge's comment carried great weight with the jury and was prejudicial and should be grounds for reversal.

The people assert that the court did not invade the province of the jury by stating that someone was not telling the truth, and it was their task to determine where the truth lies.

Evidence of flight is not insignificant. It is admissible, relevant, material and can lead to an inference of guilt. *People v Cammarata,* 257 Mich 60, 66 (1932); *People v Bunker,* 22 Mich App 396, 410 (1970); *People v Ballard,* 25 Mich App 197 (1970).

Defendant testified that he did not try to flee, but was laying on the fence when the officer said "Halt". The police witnesses testified that the two other persons in the vehicle leaped out of the vehicle and tried to go over the fence, at which time they were apprehended.

Obviously, as the court properly observed, "they can't all be telling the truth", and it was for the jury to determine where the truth lies.

The jury was not misled. The court gave a proper precautionary instruction to the jury on the respective roles of the judge and the jury in a trial:

"It is your exclusive province to determine what the facts are, what actually happened, who committed this crime; and I don't want you to assume, members of the jury, from anything that I may have inadvertently said or done, that I am trying to invade your province of determining the facts in this case or that I have any opinion as to the guilt or innocence of these defendants or any fact in this case."

It is true that an appellate court will consider manifest and serious errors with or without trial

objection. Defendant does not demonstrate such error, nor is reversible prejudice shown on the basis of the issue raised. MCLA 769.26; MSA 28.1096; GCR 1963, 529.1; *People v Burnette,* 19 Mich App 336 (1969); *People v White,* 25 Mich App 176, 180 (1970).

## II.

Was the prosecuting attorney's statement, that defendant as an ex-convict had a "higher duty" than ordinary people, prejudicial and a ground for reversal despite the fact that defendant's counsel made no objection thereto?

Defendant argues that the prosecutor's erroneous statement that defendant, on account of his prior convictions, had a higher duty to stay clear of trouble, misled the jury, and is ground for reversal.

The people assert that the statement did not amount to an opinion of defendant's guilt; it was an attempt to evaluate whether defendant's story of no participation was true or not.

Defendant's assertion of error is founded upon the following transcript quotations:

"We are now asked to believe this was an unfortunate circumstance reasonable people would believe. *I submit to you that these people have a higher duty than reasonable people.* These people [defendant and his codefendant] each admitted to three breaking-and-entering charges apiece. * * * But here these people are out there with a record. That is the time to go. If you sense even a hint of trouble, that is the time to bail out. You don't wait until the fact occurs and then sit in the car and watch for somebody else to go and see what would happen." (Emphasis supplied.)

* * *

"Each of these gentlemen have three convictions for

these same offenses, breaking and entering, which they admitted to."

\* \* \*

"I find it hard to believe that anybody would passively sit by and let a third party go ahead and commit a crime *which they knew, because of their past police experience, they would be involved in,* were they caught or not, that they would stay anywhere near the area where this crime occurred if they did not knowingly and willfully participate in its commission." (Emphasis supplied.)

Defendant made no trial objection to the prosecutor's remarks, there was no motion for a mistrial, nor did he request a specific instruction from the trial judge in relation thereto.

It is obvious that the prosecutor was attacking defendant's credibility; the believability of his defense of no criminal participation. The prosecutor is entitled to comment on the evidence and draw reasonable inferences therefrom. *People v Morlock,* 233 Mich 284 (1925); *People v Russell,* 27 Mich App 654 (1970); *People v Joshua,* 32 Mich App 581, 586 (1971); *People v John Martin,* 37 Mich App 621 (1972).

Defendant's interpretation of the allegedly offensive remarks, even if allowed, would still be only the prosecutor's comment on the evidence as it related to credibility and not a direct comment upon the ultimate fact of guilty or not guilty.

The remarks cannot be said to have suspended the jury's powers of judgment in reviewing the evidence before it. *People v Ignofo,* 315 Mich 626 (1946); *People v Humphreys,* 24 Mich App 411 (1970).

If error occurred, it was cured by the trial judge's *sua sponte* instruction to the jury:

"There has been evidence here, too, of previous con-

victions for crimes on the part of the defendants, who have taken the stand to testify in their own behalf. The fact that they have been convicted of crimes, members of the jury, is no proof that they committed this crime, and this testimony is admitted only as bearing upon their credibility as witnesses. Any other witness could have been asked the same question—the police officers, the owner of the store. Any witness that appears in court to testify may be asked whether he has ever been arrested and convicted. This inquiry, members of the jury, is made of any witness desired, and it is for the purpose of showing what kind of a person is before the jury, the person's background, his history, his antecedents, because all of these things, members of the jury, have a bearing upon the witness' credibility, his believability, and it is permitted for that purpose only."

## III.

Was it reversible error for the trial court to instruct the jury that there are only two verdicts —"guilty as charged or not guilty"?

Defendant asserts that the trial judge erred by failing to instruct on the lesser included offenses since the evidence offered would have supported a conviction on a lesser offense. Failure to request such a charge is not dispositive since the trial court stated affirmatively that the jury could only consider the greater offense.

The people respond to this argument and claim that the court did not preclude, through its instructions, any consideration of lesser included offenses.

The trial judge instructed the jury that there are only two verdicts "guilty as charged or not guilty".

The decision of this issue is governed by *People v Goldfarb,* 37 Mich App 57 (1971).

In *Goldfarb,* objection was made to the instruc-

tion that "there are only two verdicts you can return in this case. Either guilty as charged or not guilty". The Court held, at pp 58, 59:

"Where the trial court affirmatively precludes consideration of lesser included offenses, reversible error is committed. *[People v Lemmons,* 384 Mich 1 (1970).]

\*   \*   \*

"In the case at bar, there was no affirmative exclusion; consequently, we affirm."

There was no affirmative exclusion in the instant case, and, therefore, there was no error.

We also point out that in the recent case of *People v Wynn,* 386 Mich 627, 630 (1972), the Court stated in part as follows:

"Our dispositive finding and ruling is simple and short. We find that defendant did not make a legal request for instructions on lesser included charges in writing as required by GCR 1963, 516.1, if indeed he made any request at all. The trial court's failure to give instructions on the lesser included charges is not reversible error. *People v Allie,* 216 Mich 133 (1921)."

Defendant, in the instant case, made no request in writing for instructions on lesser included offenses, and therefore, there was no reversible error.

Affirmed.

All concurred.