PEOPLE v VARGAS

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—PRESERVING QUESTION.

    An issue of alleged prejudicial error in a jury instruction in a criminal case, where no objection was made, is reviewed for "manifest injustice"; in so reviewing, the Court of Appeals considers the instructions as a whole.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—TESTIMONY OF DEFENDANT —HARMLESS ERROR.

    A jury instruction which stated that one on trial for a crime is "not" allowed to testify in his own behalf was inadvertent, harmless, and did not constitute manifest injustice where the Court viewed the instructions as a whole, a charge in the instruction immediately preceding the allegedly erroneous charge stated the correct law, and defendant actually had been allowed to testify before the jury.

3. CRIMINAL LAW—PROSECUTOR'S REMARKS—PREJUDICE—IDENTIFICATION.

    A prosecutor may comment on evidence of cut of hair, color of eyes, and style of shoes, as it relates to a defendant's credibility and draw inferences therefrom where a defendant argues misidentification as a chief defense.

4. RAPE—EVIDENCE—HEARSAY—TREATING PHYSICIAN—PRESENT CONDITION.

    A treating physician in a rape case may testify to a patient's statements in regard to her present condition, but generally may not testify to circumstances under which injuries were sustained.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error § 815.
   Right of defendant to complain, on appellate review, of instructions favoring codefendant, 60 ALR2d 524.
[3] 53 Am Jur, Trial § 464.
[4, 5] 61 Am Jur 2d, Physicians and Surgeons §§ 198–211.
[6] 65 Am Jur 2d, Rape §§ 53–99.

5. RAPE—EVIDENCE—HEARSAY—TREATING PHYSICIAN—HARMLESS ERROR—CUMULATIVE TESTIMONY.

Admission of a physician's hearsay testimony regarding the date, location and force of a rape was harmless error and did not prejudice a defendant's trial where the same facts were shown by other competent testimony of the victim, her parents, and the police.

6. RAPE—COMPLAINANT—CORROBORATIVE EVIDENCE—EVIDENCE.

Corroborative evidence of the eyewitness identification of a defendant by the complainant in a rape case was not required where an evidentiary hearing had been held and it was found that the pretrial identification procedures were unsuggestive and fairly conducted.

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 2 November 6, 1973, at Lansing. (Docket No. 15496.) Decided December 6, 1973.

Martin Vargas was convicted of forcible rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton,* Prosecuting Attorney, and *Daniel R. Connell,* Assistant Prosecuting Attorney, for the people.

*Joseph B. Szeremet,* Assistant State Appellate Defender, for defendant.

Before: BASHARA, P. J., and McGREGOR and BRONSON, JJ.

BASHARA, P. J. Defendant was convicted of forcible rape, MCLA 750.520; MSA 28.788, by a jury in the Saginaw County Circuit Court. He was sentenced to life imprisonment and appeals as of right.

On the evening of October 21, 1971, complainant, a 17-year-old girl, had completed her shopping at a local K-Mart store and had walked to her car

in the store's parking lot. The victim alleged that she entered the car but was prevented from closing the car door by three men, one of whom she later identified as defendant, Martin Vargas. The men forced their way into the girl's car and drove to a secluded park where they repeatedly raped and severely beat her. After the girl's eventual release, she contacted the police and received medical care at a nearby hospital.

The first of four alleged errors claimed by defendant concerns the trial court's instruction to the jury. The court had charged as follows:

"Under our modern statutes, one on trial for a crime is not allowed to testify under oath in his own behalf, his interest in the result of the trial formerly precluded his testifying."

Defendant contends that the judge confused the jury on the correct state of the law regarding a defendant's basic right to testify in his own behalf. As no objection was made to the court's instruction we are required to review the error for "manifest injustice". *People v Bennett,* 46 Mich App 598; 208 NW2d 624 (1973). In so reviewing the alleged error, this Court considers the instructions as a whole. *People v Edwards,* 47 Mich App 307; 209 NW2d 527 (1973). A reading of the instruction in such manner reveals that the word "not" in the quote above represents the only flaw in an otherwise proper set of instructions. It is also significant that immediately before the controverted instruction the trial court charged:

"The respondent, or the defendant, has been a witness before you, and he has a right to be. You have the right to weigh his testimony, give it such credit that you think it's fairly entitled to. You have a right to

take into consideration in weighing his testimony, his relation to the offense charged in the Information".

Viewing the instructions as a whole, and the fact that defendant was allowed to testify before the jury, it is our opinion that the alleged error was inadvertent, harmless and did not constitute manifest injustice.

Defendant next argues that the prosecution used improper and prejudicial innuendoes about defendant's credibility during its closing rebuttal statement. The prosecutor's remarks were in the nature of questions posed to the jury asking them to determine if the defendant had cut his hair, reddened his eyes or wore high-heeled shoes in an effort to deceive them. A prosecutor, in Michigan, can comment on evidence as it relates to the defendant's credibility and draw inferences therefrom. *People v Kyles,* 40 Mich App 357; 198 NW2d 732 (1972). It is evident from a reading of the transcript that defendant argued misidentification as a chief defense, emphasizing contradictory testimony of height, hair, and eye color during his closing argument. The prosecutor's remarks fell within the guidelines of *Kyles, supra.*

The basis for defendant's third claim of error was the admission into evidence of claimed incompetent hearsay testimony by the victim's physicians as to the circumstances of the crime. The physicians were permitted to testify to the date and location of the rape as related to them by the victim. A treating physician may testify to a patient's statements in regard to his present condition, *Mulliken v City of Corunna,* 110 Mich 212; 68 NW 141 (1896), but generally may not testify to circumstances under which injuries were sustained, *Thirkill v Kansas City Life Ins Co,* 278 Mich 588; 270 NW 797 (1937). However, it is also

law in Michigan that the admission of incompetent hearsay testimony may be considered harmless error where the same facts are shown by other competent testimony. *People v Dykes,* 37 Mich App 555; 195 NW2d 14 (1972); *People v Harrison,* 49 Mich App 546; 212 NW2d 278 (1973). The error here was harmless as other evidence of the date, location and force used by the assailants was elicited by the victim, her parents, and the police. This is not a situation where inadmissible hearsay testimony went to a defendant's description, number of attackers, or gruesome details of the crime. Further, it was never defendant's contention that a rape did not occur. His defense was alibi and misidentification. We find that the physician's testimony of date, place and force did not prejudice defendant's trial and were supported by other competent testimony.

Finally, defendant alleges error by the court in not requiring corroborative evidence of the eyewitness identification of defendant by the complainant. On the prosecutor's own motion, an evidentary hearing was held to test the validity of pre-trial identification procedures pursuant to *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973). A result of the hearing was that the procedures were found to be unsuggestive and fairly conducted. We therefore reject this argument.

In viewing the conduct of the trial in its totality we cannot say that reversible error was committed.

Affirmed.

All concurred.