# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DENNIS ELDON SKUTT,

        Defendant-Appellant.

UNPUBLISHED
April 11, 2017

No. 330681
Midland Circuit Court
LC No. 15-006110-FH

Before: BORRELLO, P.J., and WILDER and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right from his convictions following a jury trial of assaulting a police officer, MCL 750.81d(1), possession of a controlled substance, second offense, MCL 333.7403(2)(d) and MCL 333.7413(2), operating a motor vehicle on a suspended license, subsequent offense, MCL 257.904(1), (3)(b), and operating a motor vehicle with the bodily presence of a controlled substance, MCL 257.625(8). Defendant was sentenced as a fourth habitual offender, MCL 769.12, to serve terms of imprisonment of 24 months to 15 years for assaulting a police officer, 196 days each for possession of marijuana and driving on a suspended license, and 93 days for driving with a controlled substance in his system. The court ordered that defendant serve the assault sentence consecutive to the remaining sentences. We affirm defendant's convictions, but remand to the trial court so that it may separately consider its order of a consecutive sentence.

After witnessing defendant driving his vehicle at a high rate of speed and crossing over his lane's fog line, Michigan State Trooper Richard Kearns signaled for defendant to pull over. Defendant did not pull over immediately; rather, defendant drove slowly for a quarter mile until he reached and stopped in his driveway. According to Trooper Kearns, once defendant stopped his vehicle, he yelled for defendant to place his hands outside the window, and defendant initially complied but then "jerk[ed] back into the car" when Kearns took a step forward. Defendant apparently then returned to placing his hands outside the window. Trooper Kearns attempted to remove defendant from the vehicle to ensure that he did not have a weapon. When Trooper Kearns took hold of defendant's wrist, defendant struck him above his eye with his fist. Trooper Kearns stepped back from the vehicle, presented his Taser gun, and issued verbal commands to defendant, which defendant did not follow. After defendant attempted to kick him, Trooper Kearns deployed his Taser, the probes of which struck defendant in the chest.

-1-

Trooper Kearns testified that defendant then "disengaged the wires from his chest and came running out of the vehicle, charging at me." Defendant again struck Trooper Kearns in the face with his fist and Trooper Kearns used his Taser on defendant multiple times and "gave him a left hook to the head." Eventually, defendant submitted to arrest. A search of defendant's vehicle uncovered a marijuana pipe and a pill bottle containing a green substance which smelled strongly of marijuana. Testing revealed that this substance was indeed marijuana. Execution of a warrant to test defendant's blood turned up the presence of THC, the active ingredient in marijuana. Through the trooper's testimony, the prosecution entered into evidence, without objection from defense counsel, a laboratory report confirming the presence of THC in defendant's blood.

*Trial Counsel Not Ineffective.* On appeal, defendant first argues that he was unconstitutionally deprived of the effective assistance of trial counsel because his counsel did not object to the admission of the laboratory report on his blood analysis. We disagree. Because defendant failed to request a *Ginther*[1] hearing or move for a new trial in the matter,[2] "our review of this issue is limited to mistakes apparent on the appellate record." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94, lv den 467 Mich 910 (2002). "If the record does not contain sufficient detail to support defendant's ineffective assistance claim, then he has effectively waived the issue." *Id.*

An appellate court is required to reverse a defendant's conviction when defense "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). A defendant requesting reversal of an otherwise valid conviction bears the burden of proving "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000).

To prove the first prong, "[t]he defendant must overcome a strong presumption that counsel's assistance constituted sound trial strategy." *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994). Defense counsel has "wide discretion in matters of trial strategy because counsel may be required to take calculated risks to win a case." *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). "Decisions regarding what evidence to present and whether to

---

[1] *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973).

[2] Defendant asserts that he personally preserved this issue at trial "in part by voicing his concern about his counsel's failure to call witnesses on the record." The concern raised by defendant, however, went to defense counsel's alleged refusal to call witnesses who would testify to injuries that defendant sustained on the night of his arrest. This stated concern has nothing to do with the alleged instance of ineffective assistance now raised on appeal and does not preserve this issue for appellate review.

call or question witnesses are presumed to be matters of trial strategy." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Consistent with this principle, the fact that "a defense strategy ultimately fails does not establish ineffective assistance of counsel." *People v Masroor*, 313 Mich App 358, 368; 880 NW2d 812 (2015). A defendant is prejudiced if there is a reasonable probability that, "but for defense counsel's errors, the result of the proceeding would have been different." *Heft*, 299 Mich App at 80-81; 829 NW2d 266 (2012).

In this case, Trooper Kearns did not prepare the laboratory report analyzing the THC level in defendant's blood and did not have any other personal knowledge of the contents contained therein. As offered, the report was testimonial hearsay which would have been inadmissible at trial had defense counsel lodged an objection.

Yet, this need not be error. "[D]eclining to raise objections," including to the admission of evidence "can often be consistent with sound trial strategy." *People v Unger*, 278 Mich App 210, 253; 749 NW2d 272 (2008). Regarding the marijuana charge, defense counsel stated in closing argument, "As to the. . . possession of marijuana, we offer no defense to that. [Defendant] was found in possession of marijuana. He tested positive for marijuana." Defense counsel also stated that whether defendant's license was suspended was "not an issue" and that defendant admitted that his license was suspended. Defense counsel then addressed the resisting and obstructing charge, stating as follows:

> Why did this become an issue? Why was this different than obviously at least once, you know, a situation where he had lost his license?
>
> It was because of what Trooper Kearns was doing. He gave him the opportunity to stick his hands out the window. And [Defendant] did that.
>
> Who escalated the situation was Trooper Kearns. . . . I ask that you find my client not guilty based on that fact. That he wasn't the one that was resisting obstructing. . . .

This is consistent with defense counsel's opening argument. Although counsel did not indicate defendant was not challenging the two marijuana-based charges and the suspended-license charge, counsel's argument focused only on the circumstances of defendant's interaction with Trooper Kearns after defendant stopped his vehicle. Additionally, defense counsel's cross-examination of Trooper Kearns was focused on the same issue. After asking Trooper Kearns about how the two men came to be parked in defendant's driveway, counsel asked about whether defendant's hands were outside the window (as he had been commanded) when Kearns opened the driver's side door; Kearns responded "Yes." Defense counsel's questioning prompted Trooper Kearns to admit that defendant did not run from the vehicle, that he never told defendant to step out of the vehicle or that he was going to grab his hand, and that, in the officer's own words, "The moment I grabbed onto him is when things started to go south." Defense counsel also went through with the officer how many times he used his Taser, getting him to agree that he employed the devise four times in about 20 seconds.

Failing to challenge the evidence with respect to some criminal charges can lend credibility to simultaneous protestations of innocence concerning others, and thus may constitute sound trial strategy. See *People v Wise*, 134 Mich App 82, 98; 351 NW2d 255 (1984). This characterizes the approach taken by defense counsel. Counsel's strategy appears to have been to admit, or at least not contest, the misdemeanor drug and driving charges, in an attempt to improve defendant's credibility with the jury and limit the impact of the evidence of defendant's drug usage and prior bad acts. This was a "calculated risk," *Heft*, 299 Mich App at 83, apparently undertaken to win an acquittal on the most serious charge, a decision we will not second-guess "with the benefit of hindsight," *Russel*, 297 Mich App at 716. Accordingly, we conclude that defendant has not established that his trial counsel was constitutionally ineffective.

*No Error with Jury Instructions.* Next, defendant argues that the trial court erred when it instructed the jury on fleeing and eluding, on the ground that any fleeing and eluding occurred before the skirmish between himself and the arresting officer. Again, we disagree.

"A criminal defendant has the right to have a properly instructed jury consider the evidence against him." *People v Rodriguez*, 463 Mich 466, 472; 620 NW2d 13 (2000) (internal quotation notation and citation omitted). "Jury instructions must clearly present the case and the applicable law to the jury." *People v McGhee*, 268 Mich App 600, 606; 709 NW2d 595 (2005). "[A] trial court's determination whether a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006). A trial court abuses it discretion when its decision falls "outside the principled range of outcomes." *People v Carnicom*, 272 Mich App 614, 617; 727 NW2d 399 (2006). "Even if somewhat imperfect, instructions do not warrant reversal if they fairly presented the issues to be tried and sufficiently protected the defendant's rights." *People v Kurr*, 253 Mich App 317, 327; NW2d 651 (2002).

"Evidence of flight is not insignificant. It is admissible, relevant, material and can lead to an inference of guilt." *People v Kyles*, 40 Mich App 357, 360; 198 NW2d 732 (1972). Over defendant's objection, the trial court included the following instruction based on M Crim JI 4.4:

> There has been some evidence that the Defendant tried to run away after the alleged crime. This evidence does not prove guilt.
>
> A person may run or hide for innocent reasons such as panic, mistake, or fear.
>
> However, a person may also run or hide because of a consciousness of guilt.
>
> You must decide whether the evidence is true, and if true, whether it shows that the Defendant had a guilty state of mind.

According to the trooper's testimony, defendant failed to stop when he turned on his overhead lights, slowed his vehicle to 15 miles per hour, and continued to drive to his home. When Trooper Kearns attempted to remove defendant from his vehicle, defendant attacked him. Defendant was driving on a suspended license, under the influence of marijuana, and with marijuana in his presence. Based on this evidence, the jury could have found that when

-4-

defendant failed to stop when Kearns turned on his lights, or when defendant attacked Trooper Kearns, defendant was attempting to flee or escape the police because of his knowledge that he was committing multiple crimes. This evidence was thus relevant to defendant's guilt or innocence on at least two of the charged counts. Accordingly, the trial court did not abuse its discretion in providing the jury with the instruction on flight.

*Consecutive Sentences.* Finally, defendant argues that he in entitled to resentencing because the trial court failed to articulate its reasons for ordering that he serve his sentence for the resisting-and-obstructing conviction consecutive to the other imposed sentences. On this limited issue, we agree.

The trial court appears to have ordered that defendant's sentence for his resisting and obstructive arrest conviction be served consecutively to his sentences for his drug and driving convictions under the discretion granted the trial court by MCL 750.81d(6) (stating that a sentence imposed for resisting and obstructing arrest "may run consecutively to any term of imprisonment imposed for another violation arising from the same transaction"). Where the decision to impose a consecutive sentence is left to the trial court's discretion, rather than mandated by statute, our review of that decision is for an abuse of discretion. *People v Norfleet*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 328968); slip op at 1, 6.

To determine whether an abuse occurred, we require "that the trial court set forth the reasons underlying its decision." *Id.* at ___; slip op at 7. "[A] defendant facing the specter of a cumulative term of imprisonment is at a minimum entitled to due consideration of the relationship between the proposed consecutive sentence and any other period of incarceration the defendant may be subject to." *People v Chambers*, 430 Mich 217, 229-230; 421 NW2d 903 (1988). Therefore, when a trial court imposes a consecutive sentence, that sentence must be "separately justified on the record." *Norfleet,* ___ Mich App at ___; slip op at 7.

Regarding the resisting and obstructing conviction, at the sentencing hearing, defendant requested that the trial court order a non-prison sentence, specifically based upon his nonviolent character and the trooper's escalation of the incident. The prosecution disagreed, arguing that the Court should impose a sentence of 46 months in prison. The trial court addressed defendant as follows:

> So you do have a long history . . . . And I mean, I understand you say that you have never been a violent person, but your record does speak for itself.

> You do have prior assault and batteries. You do have three prior R&O's.

> You know, frankly, I'm not as concerned about . . . a lot of the other misdemeanor offenses that you've got.

> But . . . your actions on this occasion, I mean, is not a normal resisting and obstructing. I mean, you out and out punched that trooper in the head at least once, tried to hit him twice, not to mention kicking him, not to mention . . . after he tased you.

. . . I think you were looking for a fight with . . . this trooper.  And it was due to his professionalism and his training that I think that he didn't really beat you up frankly.

The trial court then ordered defendant to serve a 24-month minimum sentence on the resisting and obstruction conviction and ordered that that he serve that sentence consecutive to the sentences for his other convictions.

Yet, it is unclear whether the trial court relied on the violent nature of defendant's actions in rejecting defendant's request for a non-prison sentence and (1) imposing the 24 months of imprison, (2) requiring that the sentence be served consecutive to the sentences for the other crimes, or (3) both (1) and (2). Accordingly, we must remand this matter.  In doing so, we take no position on whether consecutive sentencing is appropriate for this defendant.  On remand, the trial court should separately consider the relationship between the proposed consecutive sentence and defendant's other periods of incarceration, *Chambers,* 430 Mich at 229-230, and should separately justify its order of a consecutive sentence, if any, on the record, *Norfleet*, ___ Mich App at ___; slip op at 7.

We affirm defendant's convictions, but remand to the trial court so that it may separately consider its order of a consecutive sentence.  We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kurtis T. Wilder
/s/ Brock A. Swartzle