### Ephraim Wagar v. John J. Peak.

*Bill of exceptions: Charging juries: Act of 1869.* Instructions to juries, given or refused, by the circuit court will not be reviewed in this court unless excepted to; nor unless properly set forth in a bill of exceptions: if not embodied in the bill in terms, they must, by reference to papers annexed, clearly appear to be within the certificate of the Judge who settled the exceptions. The act of 1869 (Laws of 1869, p. 113), to regulate the practice of charging juries, has made no change in the form or office of the bill of exceptions.

*Heard January 11. Decided April 5.*

Error to St. Joseph Circuit.

*Riley, Coffinberry & Keightley,* for plaintiff in error.

*Mason & Melendy* and *H. F. Severens,* for defendant in error.

GRAVES, J.

This case, with several others, was submitted on briefs near the close of the last term, and too late to be disposed of before the adjournment.

On inspecting the record we discover that the assignments of error are all based upon supposed exceptions to refusals to charge as requested and to the charge as given; while the return to the writ of error affords no ground for the objections. The paper in the return subscribed by the Circuit Judge and denominated a bill of exceptions, neither

shows the requests supposed to have been made, or the charge which the court gave, or any decision against the plaintiff in error, or sets forth any exceptions, or, indeed, states that either party prayed instructions; and it does not suggest by any thing contained in it that any other paper was made a part of it.

It is true, we find two papers in the return which seem to have been made as requests on each side, and we notice that the word "Refused" is written against those for the plaintiff, and word "Given" against one for the defendant. But these papers and marks have no other authentication or explanation than such as they derive from the circumstance that they are bound up in the return to the writ. If a paper which is to constitute a part of a bill of exceptions is not incorporated in the body of the bill, as signed by the Judge, it must appear by marks, letters, numbers or other means of identification, contained in the bill, that it was made a part of it by the Judge who settled it, so as to leave no doubt on the part of the appellate court that the paper was made a part of the record to be examined. Unless this is required, the court of review can never have the requisite assurance that documents presented as belonging to a record to be re-examined are in truth members of the record, and must proceed to act upon whatever happens to be produced, without regard to defects in authentication. It is very clear that the papers in question cannot be considered as forming part of the bill of exceptions.

It may have been supposed that under the act of *1869, L. of 1869, p. 113,* to regulate the practice in charging juries, the requests complied with and refused, would in all cases constitute an integral part of the record to be returned on writ of error, independently of any bill of exceptions. But if this were true, no question could be raised in this court on such proceedings, unless based upon exceptions taken

22 MICH.—47.

and settled in the usual way. It would still be necessary to put the matters embraced by them in a reviewable condition.

But the statute of 1869 was not intended to make the requests granted and refused a part of the record in the sense, or for the purpose, implied by the supposition. It does not assume to change the form or office of a bill of exceptions, or the pre-established mode of reviewing instructions or refusals to instruct. Its purpose is to keep separate. the functions of judge and jury, to induce a reasonable measure of distinctness in charging and in passing on requests, to perpetuate in a permanent form the rulings on requests and the charges given, and to render more easy and certain the just settlement of bills of exceptions in reference to instructions actually given or refused.

As no point has been made on the defect in the record, and there is room for supposing that the operation of the statute has been misapprehended, we should feel inclined to allow the record to be withdrawn for the purpose of an amendment of the bill of exceptions, if the brief of plaintiff in error appeared to us to disclose any plausible ground for impugning the decision of the circuit court; but it does not. While we do not decide the point, we are inclined to think that, at least, there is some ground for contending that the first count in the declaration contains the substance of a good count in trover; but the plaintiff in error has claimed nothing of the kind in his brief, nor, as we can see, was any such position taken or hinted at in the court below; and we feel that, under the circumstances of this case, we ought not to resort to the practice suggested, for the purpose of paving the way to a review and discussion of the case upon a theory not even broached in the court below or hinted at here.

As the decisions and exceptions assumed by the assign-

ments of error to have been made and taken are not presented by the return to the writ, and as we must presume that the rulings of the trial court were correct, in the absence of any thing showing them to be wrong, the judgment must be affirmed, with costs.

The other Justices concurred.