GAILITIS *v.* BASSETT.

1. TRIAL—JURY TRIAL—COURT RULES—DISCRETION OF COURT.
   Denial of plaintiff's motion for jury trial in action for injuries
   sustained by plaintiff in alleged medical malpractice *held*,
   proper, where a proper demand for jury trial was not made
   pursuant to court rule, and the record demonstrates no abuse
   of discretion (GCR 1963, 508.2[1]).

2. PHYSICIANS AND SURGEONS—MALPRACTICE—DEPOSITION—STATUTE.
   Order of trial court in medical malpractice action permitting de-
   fendant's counsel to interview one of plaintiff's attending
   physicians prior to trial *held*, not error, as the statute provides
   for waiver of physician-patient privilege in malpractice actions
   in case plaintiff procures any physician as a witness in his
   behalf, who has treated him for injury, disease, or condition
   with reference to which malpractice is alleged (CLS 1961,
   § 600.2157).

3. DEPOSITIONS — PHYSICIANS AND SURGEONS — EVIDENCE — COURT
   RULES.
   Court rules permit trial court to allow defendant's counsel to
   depose one of plaintiff's attending physicians prior to trial in
   a medical malpractice action, but restrict the use of the
   deposition to testimony "admissible under the rules of evidence"
   (GCR 1963, 302.1, 302.4).         . . .

4. APPEAL AND ERROR—TRIAL COURT—PRESUMPTIONS.
   The Court of Appeals presumes that a trial court will follow the
   law, until the contrary is shown.

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  31 Am Jur, Jury § 40.
[2]  58 Am Jur, Witnesses § 449.
[3]  23 Am Jur 2d, Depositions and Discovery § 229.
[4]  5 Am Jur 2d, Appeal and Error § 895.

·· Appeal from Ingham; Coash (Louis E.), J. Submitted Division 2 October 4, 1966, at Lansing. (Docket No. 1,390.)   Decided December 8, 1966.

Complaint by Valdis Gailitis, a minor, by his next friend, Jakob Gailitis, against Robert C. Bassett for injuries resulting from an alleged medical malpractice.   Plaintiff appeals, on leave granted from an order denying his motion for jury trial and from an order permitting defendant to interview one of plaintiff's attending physicians prior to trial.   Affirmed.

*Shirley J. Burgoyne,* for plaintiff.

*Warner, Hart, Warner & Timmer (Robert H. Warner,* of counsel), for defendant.

QUINN, P. J.   By leave granted December 13, 1965, plaintiff appeals from the trial court's denial of his motion for jury trial in this malpractice case and from the trial court's order authorizing defendant's counsel to interview one of plaintiff's attending physicians prior to trial.

*Jinkner* v. *Widmer* (1966), 3 Mich App 155, decided since leave to appeal was granted, is dispositive of the jury trial question.   Jury demand was not made pursuant to GCR 1963, 508.2(1); the grant or denial of plaintiff's belated demand for jury trial is discretionary with the trial judge and the record demonstrates no abuse of discretion in the trial court's denial thereof.

With respect to the authorized interview of one of plaintiff's attending physicians, PA 1961, No 236, § 2157 (CLS 1961, § 600.2157, Stat Ann 1962 Rev § 27A.2157) provides for waiver of physician-patient

privilege in malpractice actions in case plaintiff produces any physician as a witness in his behalf, who has treated him for injury, disease or condition with reference to which malpractice is alleged. GCR 1963, 302.1 permits deposing the physician involved but GCR 1963, 302.4 restricts use of the deposition to testimony "admissible under the rules of evidence." Admissibility of any evidence obtained by defendant from the physician is governed by the terms of the statute, *supra*, and we are bound to presume the trial court will follow the law, until the contrary is shown. *Wagar* v. *Peak* (1871), 22 Mich 368. We find no error in authorizing defendant's counsel to interview plaintiff's physician.

Affirmed, with costs to appellee.

N. J. KAUFMAN and McGREGOR, JJ., concurred.