PEOPLE *v*. FARMER

1. CRIMINAL LAW—OTHER CRIMES—PREJUDICIAL EFFECT—HARMLESS ERROR.

Admitting into evidence a statement referring to the defendant's commission of unrelated crimes made to the police by the defendant, charged with armed robbery, was not reversible error even though the confession of other crimes was not proper evidence to be considered where the defendant was tried without a jury, and where the trial judge later ruled that the improper references were not considered by her in determining guilt and was therefore not prejudicial to the defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 320, 321, 333.
[2] 53 Am Jur, Trial §§ 19, 74.

2. Judges—Presumptions—Obedience to Law.
 Trial judges, in the absence of proof to the contrary, are presumed to follow the law in deciding cases.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 December 10, 1970, at Detroit. (Docket No. 8995.) Decided February 18, 1971. Leave to appeal denied August 31, 1971, 385 Mich 785.

Herbert Farmer was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Peter P. Cobbs,* for defendant on appeal.

Before: Danhof, P. J., and Holbrook and Vander Wal,* JJ.

Vander Wal, J. This is a delayed appeal by leave granted from a nonjury conviction on a charge of armed robbery, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).

Defendant was convicted of the armed robbery of a shoe store. The pertinent facts are as follows. A prosecution witness testified at trial that three men came into the shoe store where he was employed and that he fitted all three of them with shoes. While the witness was writing up the sale, one of the three subjects said, "This is a holdup". Another one of the subjects had a gun. The witness also said that the subjects took his and the manager's wallets and that he couldn't identify any of them.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The complaining witness, and apparently the one who could make a positive identification, died before the trial. Another witness, a customer of the store, was able to give a general description of defendant and testified in part as follows:

"*Q. (By Mr. Costanzo, assistant prosecutor)*: Is there anyone here in this courtroom who you would say would, in your opinion, vaguely resemble that man?

"*A.* He is.

"*Q.* Point him out, please.

"*A.* It is the fellow sitting behind the attorney there. *(indicating)*

"*Mr. Costanzo:* Let the record show that the witness is pointing to and identifying the defendant, Herbert Farmer."

And, on page 21 the following appears:

"*Q.* How many times in your life have you seen him *(defendant)* before?

"*A.* Well, I seen him once at the store, once in a line-up, and here.

"*Q.* Now, you are not absolutely sure he is the man you saw in the store, are you?

"*A.* Not positively. No, I am not positive.

"*Q.* Isn't it true, he just generally has the same frame, approximately the same age, as one of the men you saw in the store; isn't that true?

"*A.* Yes, that's correct."

Defendant had made a confession or statement to a police officer admitting the robbery. In that statement defendant also admitted to having participated in robberies at two jewelry stores and another store in Detroit. The entire statement was admitted into evidence. The references to other crimes could have been deleted from the statement, but they were not. In a case such as the present case there is no provision permitting evidence of other crimes.

Defendant contends it was reversible error for

the trial court to admit his statement insofar as it referred to separate, unrelated crimes. The people contend that although defendant objected to the statement, he did not make a specific objection, nor did he move to strike that portion dealing with other crimes. Defendant in his motion for a new trial did raise the issue in its present form and the trial court did rule on this specific issue.

Defendant cites a number of cases to support the position that any evidence of separate, unrelated crimes is not admissible at trial. *People* v. *Locke* (1936), 275 Mich 333; *People* v. *Wheaton* (1919), 207 Mich 173; *People* v. *Schweitzer* (1871), 23 Mich 301; *Lightfoot* v. *People* (1868), 16 Mich 507. See, also *People* v. *Matthews* (1969), 17 Mich App 48.

However, defendant fails to point out a crucial and probably controlling difference between those cases and the instant case. In the above-cited cases, the cause was tried before a jury, while in the instant case the cause was tried without a jury.

In *People* v. *Lundberg* (1961), 364 Mich 596, 603, 604, the Court affirmed a conviction of first-degree murder even though the lower court had erroneously permitted the introduction of evidence of defendant's commission of other unrelated crimes. It appears that the fact that the cause was not tried before a jury in that case was of major importance to the Court.

"Had such evidence been admitted in a trial to a jury, we would not hesitate to reverse a verdict of guilt. However, trial here having been to the court without a jury, and with due regard for the whole evidence of guilt disclosed by this record, we do not believe the verdict would have been different than it was had such testimony been excluded."

Although the contested part of the statement was not proper evidence for the court to consider and

should have been deleted, we cannot say it was reversible error in view of the fact that the trial judge has ruled that the inclusion of the improper reference to other crimes in defendant's statement was not considered by her in determining guilt and was, therefore, not prejudicial to the defendant. Defendant in effect has asked this Court to inform the trial judge that she, herself, was prejudiced and did not follow the law in this case. This, we cannot do. In the absence of proof to the contrary trial judges are presumed to follow the law. *Gailitis* v. *Bassett* (1966), 5 Mich App 382; *Wagar* v. *Peak* (1871), 22 Mich 368.

Affirmed.

All concurred.