## Hoffmeyer v. Pell

*James S. Ehrman,* for plaintiffs.
*Arthur A. Asti, Jr.,* for defendant Pell.
*Robert J. Pfaff,* for defendant hospital.

COFFROTH, *P.J.*, April 19, 1982—This medical malpractice action is here on defendant Pell's motion for production seeking from plaintiff wife medical authorizations for release of medical records and reports concerning which there is no controversy. But the form of authorization demanded, which is directed to a physician, states that plaintiff authorizes the physician "to release to *and/or discuss with*" defense counsel the records. Plaintiffs' counsel objects to inclusion in the authorization of the above emphasized phrase and contends that the defense should obtain non-documentary discovery from the physician in the usual manner by deposition or interrogatories, so that plaintiff's counsel is thereby assured of being present at the "discussion."

Defense counsel relies on the unreported decision in Adams v. Armstrong County Memorial Hospital et al, No. 1981-0029-Civil (Armstrong County, House, P.J.), decided November 10, 1981, requiring such an authorization on the grounds that discovery rules should have a liberal construction and that the "interests of fairness and justice" and "equal access" demand that either party or counsel have unilateral access to the witness without the presence of the other party or counsel. The opinion relies on a statement in Matychuck v. Purnell, 11 D. & C. 2d 507, 509 (1957), that "what [plaintiff] can do for himself he should be ordered to allow to be done for defendant." That statement was made in connection with a request for medical records, and the case did not involve any request for leave to discuss the records with anyone.[1] We note this dis-

---

1. The full sentence from which the above quoted portion was taken reads as follows: "Plaintiff may undoubtedly examine, copy and photograph the hospital's records of his

tinction between the cases: The discovery of records allowed in Matychuck was specifically authorized by the discovery rules (former Civil Rule 4009), whereas there is no rule authorizing discovery by unilateral discussions with a witness.

There is no law or rule which prevents a party from interviewing an opponent's witness who willingly and voluntarily consents to the discussion, provided that mandated confidentiality be maintained.[2] But we are asked for an order to compel plaintiff to authorize the witness to furnish information, not for an order upon the witness; we assume for present purposes that the witness-physician is unwilling to discuss plaintiff's records

---

case for his own use if he makes proper request of the hospital, and what he can do for himself he should be ordered to allow to be done for defendant who otherwise will be deprived of access to such records and X-rays prior to the trial." The court then went on to qualify that broad language by forbidding discovery of matters secured by plaintiff in anticipation of litigation or in preparation for trial as provided in former Civil Rule 4011(d). A court may require authorizations for such discoverable records. See: Yankovich v. Dicks, 14 D. & C. 2d 53 (1957).

2. This being a civil action for personal injuries, the patient's statutory privilege against disclosures by a treating physician is inapplicable under the terms of Judicial Code §5929, 42 Pa.C.S.A., which provides as follows:

"§5929. Physicians not to disclose information

"No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, except in civil matters brought by such patient, for damages on account of personal injuries."

See also: DeLuca v. Leon, 1 D. & C. 3d 185 (1977); Golden v. SEPTA, 57 D. & C. 2d 738 (1972).

and condition with the defense without such an authorization.[3]

We have found no controlling authority on the issue here presented, but we have found some other relevant and informative judicial decisions (in addition to the Adams case) which we summarize as follows:

(1) In Gailtis v. Bassett, 146 N.W. 2d 708 (Mich. 1966), the court found no error in the lower court's order allowing defendants a private interview with plaintiff's physician. In Lund v. Canada Dry Corp., 283 F.S. 861 (DC, Minn., 1968), the patient's waiver of his privilege of confidentiality of the treating physician's testimony was held to be also a waiver of formal discovery proceedings and an order permitting an ex parte conference between defense counsel and plaintiff's physician was affirmed; a concurring opinion said the result should be otherwise if the conference had been secretly held without the knowledge of plaintiff or counsel. In general accord with Lund, supra, is Callahan v. Burton, 487 P. 2d 515 (Montana 1971).

(2) In Alexander v. Knight, 25 D. & C. 2d 649, 655 (1961), the court was critical of physicians who submit to interviews by a representative of the patient's opponent in litigation, on the ground of inconsistency with the physician's duty of loyalty to the patient's cause, and that while the physician

---

3. Nor are we confronted with the question whether a party may lawfully instruct his witness to refuse informal and unilateral discussion of the case. Such an instruction by Commonwealth counsel in a criminal case is impermissible, at least if the testimony of the witness is or may be exculpatory. See: Lewis v. Lebanon Court of Common Pleas, 436 Pa. 296 (1969); Com. v. Wilder, 461 Pa. 597, 603 (1975); Com. v. Harter, 13 D. & C. 3d 200 (1980).

owes a duty to speak the truth, "he need, however, speak only at the proper time." That statement rather clearly suggests that the proper time would be in a more formal or official setting such as in trial, deposition or interrogatories. That case is cited with approval in Hammonds v. Aetna Casualty Company, 243 F.S. 783, 789 (N.D., Ohio, 1965), where the court stated (805):

"Second, assuming, but without deciding, that the plaintiff waived the testimonial privilege because of the deposition, this 'waiver' does not authorize a private conference between doctor and defense lawyer. It is one thing to say that a doctor may be examined and cross-examined by the defense in a courtroom, in conformity with the rules of evidence, with the vigilant surveillance of plaintiff's counsel, and the careful scrutiny of the trial judge; it is quite another matter to permit, as alleged here, an unsupervised conversation between the doctor and his patient's protagonist. It is the opinion of this Court that the mere waiver of a testimonial privilege does not release the doctor from his duty of secrecy and from his duty of loyalty in litigation, and no one may be permitted to induce the breach of these duties."

In Garver v. Ford Motor Company, 61 F.R.D. 22 (DC, Alaska, 1973), the court refused to allow private conferences with plaintiff's attending physicians because the Federal discovery rules provided adequate discovery methods. In Wenninger v. Muesing, 240 N.W. 2d 333 (Minn. 1976), the court also concluded that since the discovery rules did not include as a permissible procedure unilateral private interviews with a treating physician, they should not be allowed, and the court pertinently stated (336-337):

"We are persuaded for the reasons stated below that the procedure for disclosing privileged medical testimony set forth in Rule 35.04 is, and ought to be, the exclusive means by which an adverse party may discover testimony relating to a patient's physical, mental, or blood condition, and we hold that Rules 35.03 and 35.04 in their formulation by the advisory committee and adoption by the court did not contemplate unilateral, private interviews by the inquiring party of the waiving party's treating physician.

"The policy underlying Rule 35.03 is the full disclosure of all relevant medical evidence concerning plaintiff's health when he voluntarily puts his health in issue by bringing a lawsuit. Rule 35.04 implements this policy by allowing the adverse party access to this evidence according to an orderly discovery procedure. The procedure defined in Rule 35.04 protects both the patient and his physician from the danger that adverse counsel may abuse his opportunity to interrogate the physician by privately inquiring into facts or opinions about the patient's mental and physical health or history which may neither be relevant to the patient's lawsuit nor lead to the discovery of admissible evidence. In a formal deposition pursuant to Rule 35.04, the presence of a patient's counsel and the availability of protective orders under Rule 26.03 assure that clearly irrelevant medical testimony will not be elicited. Private, nonadversary interviews of the doctor by adverse counsel would offer no such protection to the patient's right of privacy. The presence of the patient's counsel at the doctor's interrogation permits the patient to know what his doctor's testimony is, allays a patient's fears that his doctor may be disclosing personal confidences, and thus helps preserve the complete

trust between doctor and patient which is essential to the successful treatment of the patient's condition.

"The presence of the patient's attorney during the doctor's examination also helps protect the doctor from unwittingly and improperly disclosing medical information about his patient. We note without deciding that a physician who discloses confidential information about his patient to another in a private interview may be subject to tort liability for breach of his patient's right to privacy or to professional discipline for unprofessional conduct. See, Note, 52 Col.L.Rev. 383; Note, 43 Minn.L.Rev. 943.[3] Under the procedure set forth in Rule 35.04, the physician may rely upon the patient's counsel to keep the questioning, and hence his answers, relevant to the matters properly at issue in the lawsuit. Except for the loss of a possible tactical advantage to defense counsel, no other reason has been suggested or occurs to us which would justify exposing doctors to the hazard of potential tort liability for unwarranted disclosures of confidential information in private, nonadversary interviews, and we thus conclude that on balance the procedure defined in Rule 35.04 should be the exclusive means for obtaining access to the medical testimony to which the patient has waived his privilege as required by Rule 35.03.

"We do not, however, intend these observations to be interpreted to discourage a physician, with the full permission of the patient and his attorney if he is represented, from affording defense counsel a personal interview. Many cases never reach the litigation stage, and surely if such an interview serves to dispose of a patient's claim before litigation or before a trial on the merits, it should be encouraged." (Footnote omitted.)

Finally, in Weaver v. Mann, 90 F.R.D. 443 (DC N.Dak., 1981), the court disapproved the "practice of engaging in private conversations with plaintiff's physicians" because not contemplated by the discovery rules.

We follow the second group of authorities above discussed which confine court-ordered discovery to that specified in the discovery rules; that rule represents the weight of authority both numerically and in persuasive force. Formal discovery on the record, after notice to and opportunity to other parties to be present and to participate in the proceedings, is by far the fairest and most satisfactory means of discovery as our rules clearly contemplate. Moreover, Judicial Code §5936 which provides that: "The testimony of any physician licensed to practice medicine may be taken by oral interrogation in the manner prescribed by general rule for the taking of depositions," although not an exclusive mandate, seems clearly to express a policy of Pennsylvania law inconsistent with unilateral interviews as here proposed. While it is frequently stated that the discovery rules should be liberally construed, we do not think that principle can be legitimately utilized to support judicial authorization of a method of discovery not provided for at all in the rules. The proper canon is that in case of doubt or ambiguity in the rules, discovery should be liberally permitted. See Winck v. Daley Mack Sales Inc., 21 D. & C. 3d 399, 403-404 (1980).

## ORDER

Now, July 14, 1982, defendant's motion for production is granted in part and denied in part. Plaintiff wife is directed to furnish to defense counsel written authorizations to the hospital and to her

physicians to release a copy of (or to permit copying of) their relevant medical records regarding plaintiff wife; authorization for discussions between defendants or their counsel and physicians is denied, except to the extent the parties may agree thereon in writing filed to the case.