PEOPLE v FOREMAN (ON REMAND)

PEOPLE v KIRKPATRICK (ON REMAND)

Docket Nos. 113354, 113355, 113356. Submitted November 29, 1988, at Lansing. Decided August 21, 1989. Leave to appeal applied for.

Jon Foreman was convicted of four counts of first-degree criminal sexual conduct and three counts of second-degree criminal sexual conduct following a jury trial in Lenawee Circuit Court and was sentenced, John C. Timms, J. Wendy K. Kirkpatrick was convicted of three counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct following a jury trial in Lenawee Circuit Court and was sentenced, John C. Timms, J. The incidents which gave rise to their convictions arose out of the same events involving defendant Foreman's two children, who were five and six years old at the time of the offenses. Defendant Foreman filed two appeals from his convictions and sentences and defendant Kirkpatrick filed one appeal from her convictions and sentences. The Court of Appeals consolidated the appeals and affirmed, 161 Mich App 14 (1987), holding, inter alia, that out-of-court statements of the children were properly admitted as excited utterances to corroborate testimony at trial even through they were made approximately one month after the sexual assault. Defendants sought leave to appeal and the Supreme Court, in lieu of granting leave to appeal, remanded, 431 Mich 896 (1988), for reconsideration in light of *People v Straight,* 430 Mich 418 (1988).

On remand, the Court of Appeals *held:*

The children's statements made out of court were inadmissible under MRE 803(2), but the error was harmless because the hearsay statements were cumulative to the children's in-court testimony, which was credible and convincing beyond a reasonable doubt.

Affirmed.

REFERENCES

Am Jur 2d, Evidence § 728.

See the Index to Annotations under Children; Hearsay; Res Gestae.

EVIDENCE — HEARSAY — EXCITED UTTERANCES — HARMLESS ERROR.
The erroneous admission of out-of-court statements of a minor child as excited utterances to corroborate testimony at trial may be considered harmless error where the child's in-court testimony is credible and convincing beyond a reasonable doubt.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Nathan T. Fairchild,* Prosecuting Attorney, and *Thomas C. Johnson,* Assistant Attorney General, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*), for Jon Foreman.

*Patricia S. Slomski,* for Wendy Kay Kirkpatrick.

Before: GRIBBS, P.J., and SAWYER and MURPHY, JJ.

GRIBBS, P. J. This consolidated matter has been remanded to us by the Michigan Supreme Court for reconsideration in light of *People v Straight,* 430 Mich 418; 424 NW2d 257 (1988). We affirm.

Defendant Jon Foreman was convicted by a jury of four counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and three counts of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), involving his five-year-old daughter and his six-year-old son. Foreman was sentenced to concurrent prison terms of twenty to forty years for each count of CSC I and ten to fifteen years for each count of CSC II.

Foreman's girlfriend, defendant Wendy Kay Kirkpatrick, was convicted by a jury of three counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct. Kirkpatrick was sentenced to concurrent prison terms of twenty to forty years for each CSC I

conviction and ten to fifteen years for each CSC II conviction.

Defendants appealed their convictions as of right and we affirmed. *People v Foreman,* 161 Mich App 14; 410 NW2d 289 (1987). We concluded, inter alia, that the trial court did not err by admitting, as excited utterances, out-of-court statements of the children about the sexual abuse to corroborate testimony at trial.

In *People v Straight, supra,* our Supreme Court considered whether a child's statements, made approximately one month after the alleged sexual assault, as related by her parents, were admissible under MRE 803(2):

> We hold that these statements were not admissible as excited utterances under MRE 803(2). Further, in light of the substantive use of this evidence by the prosecuting attorney, it cannot be concluded that this evidence was merely corroborative. Admitting this testimony for substantive use was error. [*Straight,* 430 Mich 420.]

Having reviewed *Straight,* we now believe that the children's statements in this case, made approximately one month after the last visitation with defendants, were inadmissible under MRE 803(2). Nevertheless, we believe the error was harmless because the hearsay statements were cumulative to the children's in-court testimony in this case which was credible and convincing beyond a reasonable doubt. MCR 2.613(A); MCL 769.26; MSA 28.1096.

We described the children's testimony in our earlier opinion:

> The testimony of the boy, age seven at the time of trial, showed numerous instances of sexual abuse. On a number of occasions, with Jon Fore-

man present, he was forced to perform oral sex on Wendy Kirkpatrick. He was made to suck her vagina, rectum, and breasts. He was also forced to perform oral sex on his father, as well as Tammy Kirkpatrick, Wendy's sister. On one occasion, Foreman stuck a wire up the boy's rectum.

The boy, using anatomically correct dolls, testified that he was forced to perform sexual intercourse as well as sodomy with Wendy Kirkpatrick. He was also forced to have anal intercourse with his sister. Wendy would also put her fingers in his rectum. The boy testified that he was repeatedly threatened with harm by both defendants if he did not want to perform these sexual acts or if he told anyone what they were doing. He said that Foreman threatened to kill his mother and aunt as well as him if he told anyone.

The girl, age six at the time of trial, also testified. She, using anatomically correct dolls, testified as to the sexual abuse inflicted upon her. She testified that Jon Foreman attempted to penetrate her rectum with his penis. Foreman repeatedly threatened to murder her if she told anyone. She was also forced to perform sexual acts with defendant Kirkpatrick and have anal intercourse with her brother. Kirkpatrick also put her fingers in the girl's vagina and rectum. She further testified that she observed her brother engage in sexual acts with Wendy and Jon Foreman. She testified that Jon Foreman put a wire in her vagina and rectum. [*Foreman,* 161 Mich App 18-19.]

In addition, the boy testified that he was forced to watch while defendants engaged in sexual relations. *Foreman,* 161 Mich App 26.

The children's testimony as to the criminal sexual relations in this case was detailed and convincing. We find it highly improbable that six- and seven-year-old children, in a courtroom setting subject to cross-examination, could lie convincingly about experiencing oral sex, sodomy and intercourse. "It cannot reasonably be maintained that

an adult touching a child's genitals with a [wire] is normally within the range of experience of a . . . child." *People v Kosters,* 175 Mich App 748, 752; 438 NW2d 651 (1989).

We are convinced that admission of the challenged testimony was harmless error because the facts in this case were shown by other competent testimony. *People v Kregger,* 335 Mich 457; 56 NW2d 349 (1953); *People v Hunt,* 170 Mich App 1, 13; 427 NW2d 907 (1988); *People v Hoerl,* 88 Mich App 693, 702; 278 NW2d 721 (1979); *People v Christensen,* 64 Mich App 23, 32-33; 235 NW2d 50 (1975), lv den 397 Mich 839 (1976); *People v Vargas,* 50 Mich App 738, 742; 213 NW2d 848 (1973), lv den 392 Mich 815 (1974); *People v Harrison,* 49 Mich App 546, 551; 212 NW2d 278 (1973), lv den 392 Mich 779 (1974); *People v Dykes,* 37 Mich App 555, 558; 195 NW2d 14 (1972).

We have again reviewed defendants' remaining issues and find them to be without merit for the reasons set out in our previous opinion.

Affirmed.