PEOPLE v WINANS

Docket No. 117115. Submitted October 11, 1990, at Detroit. Decided
February 4, 1991, at 9:05 A.M.

Darvin Winans was convicted, following a bench trial in the
Detroit Recorder's Court, James E. Roberts, J., of first-degree
felony murder and possession of a firearm during the commis-
sion of a felony. The defendant appealed, claiming ineffective
assistance of counsel on the basis of a failure to move for
suppression of a witness' identification testimony. The Court of
Appeals remanded for an evidentiary hearing. On remand, the
trial court, the prosecutor, and the defendant's appellate coun-
sel learned that the charges which led to the defendant's
convictions had been brought and dismissed in a prior action in
which a different trial judge had ruled the disputed identifica-
tion evidence inadmissible. The trial court denied the defen-
dant's motion for a new trial.

The Court of Appeals *held:*

The defendant was denied the effective assistance of counsel
at trial. An attorney of ordinary training and skill in the
criminal law would not have acted as trial counsel did in this
case, requiring reversal and a remand for a new trial before a
different judge.

McDONALD, P.J., stated that the determination whether an
error was harmless involves two inquiries. First, whether the
error was so offensive to the maintenance of a sound judicial
system that it can never be regarded as harmless and, second,
whether the error was harmless beyond a reasonable doubt. In
this case, the erroneous admission of the disputed evidence was
both offensive to the maintenance of a sound judicial system
because it would set a precedent that would allow a prosecutor
to avoid an evidentiary ruling by dismissing the charges and
refiling them in the hope of drawing a different judge, and
harmful beyond a reasonable doubt because identification was
the only real issue.

The defendant was denied the effective assistance of counsel
at trial. Trial counsel knew of the prior action against the
defendant, yet failed to conduct a review of the prior court file

which would have uncovered the suppression of the disputed evidence in the prior action.

Retrial should be before a different judge because the trial judge in this case would have substantial difficulty in putting his previously expressed views and findings out of mind. A different judge also should be required to preserve the appearance of justice.

Reilly, J., concurring in the result only, stated that the admission of the disputed identification evidence was not harmless beyond a reasonable doubt.

Hood, J., dissenting in part, stated that the admission of the disputed evidence did not constitute error requiring reversal in light of the trial court's minimal reliance on the disputed evidence and greater reliance on other identification evidence in deciding the case. However, the defendant was denied the effective assistance of counsel at trial, and, on that basis, reversal and remand for a new trial should be required.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Reilly Wilson,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for the defendant on appeal.

Before: McDonald, P.J., and Hood and Reilly, JJ.

McDonald, P.J. Defendant appeals as of right from his conviction, following bench trial, of first-degree felony murder, MCL 750.316; MSA 28.548, and possession of a firearm while committing a felony, MCL 750.227b; MSA 28.424(2), claiming the trial court improperly convicted him of first-degree murder rather than second-degree murder; a denial of his right to the effective assistance of counsel; and a denial of his right to receive a fair trial where inadmissible identification testimony was introduced at trial. We reverse.

Defendant was charged with the murder of Renard Wilson. On September 24, 1986, Wilson and a witness, Sandy Parham, were at a gas station when an armed man accosted Wilson and demanded money. After a scuffle, Wilson surrendered his money. Before fleeing, the assailant took a few steps back and shot Wilson. Wilson died as a result of the gunshot wound. The dispositive issue at trial, as well as on appeal, involves the sufficiency of the identification evidence.

At trial defendant was identified as the assailant by two witnesses. Sandy Parham testified that shortly after the incident she viewed a corporeal lineup at which defendant was not present. Parham indicated that, although she could not be sure, one of the men resembled the assailant. Thereafter, Parham viewed a photographic lineup in which defendant's photograph was included. Parham indicated defendant's photograph looked like the assailant, revealing similar features, but that she still was not absolutely sure. Parham testified that she did not become sure defendant was the assailant until she saw him in person in court.

The prosecution also produced the identification testimony of Odell Inge. Inge testified that he was at the gas station visiting the station's attendant when the shooting occurred and that, from the cashier's booth, looking at an angle through two panes of glass, he saw defendant talking with Wilson near the gas pumps. Later he heard a shot and turned to see Wilson fall and defendant's back as he ran from the area. Inge testified defendant was an acquaintance from his neighborhood whom he had seen earlier in the day with a gun in his possession. Because Inge saw defendant earlier in the day, he was certain the assailant was dressed in blue jeans, a black coat or shirt, and white

tennis shoes, even though Parham's description of the assailant indicated he was dressed in brown. Inge provided the police a description of the assailant that also included a facial scar. A man other than defendant fitting the description provided by Inge including the description of clothing, was arrested the next morning and took part in the corporeal lineup viewed by Parham. This man was noted by Parham as looking like the assailant. At trial, Inge admitted he was "dramatizing" at the preliminary examination when he testified he saw defendant pull a gun from his waist and shoot the victim. Inge conceded his testimony at the preliminary examination was based on how he imagined the shooting must have happened rather than what he actually saw happen. Inge never saw defendant with a gun on the evening of the shooting.

The parties stipulated to the introduction of a written statement made by Johnny Lorrison the night of the incident as well as the result of the two corporeal lineups viewed by Lorrison. Although not available for our review, it appears the stipulated materials indicated Lorrison witnessed the incident and he picked out a man other than defendant from a lineup which included defendant and yet another man from a lineup which did not include defendant.

Following the close of proofs, the trial court indicated the prosecution's evidence revealed the commission of the charged offense, first-degree felony murder, rendering inapplicable the lesser included offenses. In the court's view, the only issue to be determined was one of identification—whether the prosecution brought forward the man who actually committed the offense. After some deliberation and review of the testimony, the trial court ultimately concluded the prosecution pre-

sented sufficient identification evidence to link defendant to the commission of the crime and convict him of first-degree felony murder.

On appeal, defendant first claims the trial court erred in failing to consider lesser included offenses. We find no merit to this argument. The court clearly indicated the lesser included offenses were inapplicable where the prosecution's proofs set forth the commission of the charged offense.

Defendant next claims the introduction of Parham's identification testimony was improper and constituted error requiring reversal. We agree.

Following defendant's original claim of ineffective assistance of counsel stemming from his trial counsel's failure to file a pretrial motion to suppress the in-court identifications, we remanded to the trial court for an evidentiary hearing. During the course of this hearing, defendant indicated that prior to the instant trial another judge had ruled Parham's identification testimony inadmissible. Further inquiry revealed defendant was charged with the same offenses in the prior proceeding. Defendant, represented by different counsel in the prior proceeding, was successful in moving for the suppression of Parham's identification testimony. However, those proceedings were dismissed at the prosecution's request when a witness failed to appear. Sometime thereafter, the prosecution refiled the same charges, which resulted in the instant convictions.

Generally, the decision whether to admit evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *People v Watkins,* 176 Mich App 428; 440 NW2d 36 (1989). Here, the trial court and both parties appear to agree that given the prior court order suppressing Parham's identification testimony, its admission at trial was error.

However, the parties do not agree what effect the error had on the proceedings.

The prosecution argues the harmless error rule applies and that in applying the rule the trial judge properly found the introduction of the improper testimony to be harmless. We agree the harmless error analysis is the proper standard with which to review the improper admission of the identification testimony, see *People v Michael,* 181 Mich App 236; 448 NW2d 786 (1989); *People v Foreman (On Remand),* 179 Mich App 678; 446 NW2d 534 (1989), but do not agree that the error was harmless. The harmless error analysis involves two inquiries: first, whether the error was so offensive to the maintenance of a sound judicial system that it never can be regarded as harmless and, second, whether the error was harmless beyond a reasonable doubt. *People v Gilbert,* 183 Mich App 741; 455 NW2d 731 (1990). We believe admission of Parham's identification testimony was improper under both inquiries. First, allowing a prosecutor to avoid a trial court's evidentiary ruling by dismissing the suit and refiling before another trial court will encourage judge shopping and is clearly offensive to the maintenance of a sound judicial system. Permitting such a practice not only denigrates the trust placed in the resolution of a dispute by a trial court, but also burdens the judicial system with the filing of excessive actions and all costs attendant thereto. Although in the instant case all parties claim ignorance of the prior ruling, excepting the trial judge who had no cause to suspect a prior action had been filed, we find such ignorance inexcusable. A simple review of the prior court file by defense counsel, who admittedly was aware that a previous action was instituted against defendant, would have uncovered the order suppressing Parham's testimony.

We find defense counsel's failure to discover and review the prior court file unpardonable. Likewise, we do not find too onerous the expectation that the prosecution have access and notice of actions instituted by its office.

We therefore conclude that, under the first inquiry of the harmless error test, introduction of this previously suppressed testimony was so offensive as to be intolerable. Moreover, even were we to find differently under the first prong of the test, we still would reject application of the rule under the second prong because we cannot say the error was harmless beyond a reasonable doubt. As the trial judge indicated at the close of proofs, the only real issue to be determined was identification. Although the trial judge now states that he does not "think" he would have reached a different result absent Parham's identification testimony, we do not believe it can be said beyond a reasonable doubt that the improper testimony did not affect the verdict. Although stating that it was minimal, the trial judge admits that "there's no question that [he] placed some weight on the identification of the young lady." In ruling on defendant's motion for a new trial, the judge stated, "I wrestled with this, I don't think it would have made any difference, I don't think it would have made any difference."

We do not "think" that this finding is sufficient to support the conclusion that the error was harmless beyond a reasonable doubt. This is especially true where our review of the trial judge's original findings of fact in support of defendant's conviction reveals several references to Parham's identification of defendant.

Although our resolution of the prior issue mandates reversal of defendant's convictions, we will

briefly address defendant's remaining claim that he was denied the effective assistance of counsel.

As previously noted, defense counsel was aware that prior proceedings arising out of the same conduct had been instituted against defendant. Although counsel knew the prior action had been dismissed, she found no order of dismissal or other record of the prior case in the court file. Nonetheless, counsel failed to investigate further, proceeding on the instant action without knowledge of what occurred in the prior action. We do not believe an attorney of ordinary training and skill in the criminal law would have so acted. We have already concluded the introduction of the identification testimony was not harmless error and thus conclude defendant was prejudiced by counsel's failure to acquaint herself with the prior history and the court order suppressing the testimony. Thus, under the standard set forth either in *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), or *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984), we find defendant was denied his right to the effective assistance of counsel. *People v Wilson,* 180 Mich App 12; 446 NW2d 571 (1989).

Because we believe the trial judge on remand would have substantial difficulty putting out of his mind his previously expressed views and findings, and to preserve the appearance of justice, retrial should be had before a different judge. *People v Evans,* 156 Mich App 68; 401 NW2d 312 (1986).

Reversed.

Reilly, J. *(concurring).* I concur in the result because I cannot say that the admission of Parham's statement was harmless error beyond a reasonable doubt.

Hood, J. *(concurring in part and dissenting in*

*part).* I do not agree that the improper introduction of Parham's identification testimony constitutes error requiring reversal, and therefore I must dissent from that portion of the majority opinion.

At the trial of this cause, *no one,* with the exception of the defendant himself, was aware that a prior information had been dismissed because of the failure of a prosecution witness to appear for trial before a different judge and with different trial counsel on both sides. Also unknown to anyone, again with the exception of the defendant, was that the judge in the previous trial had suppressed Parham's eyewitness testimony identifying defendant as the perpetrator.

The issue of the propriety of Parham's identification did not emerge until the remand proceedings under *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973) which, inter alia, addressed defense counsel's failure to challenge the Parham testimony. Again, however, neither the lawyers nor the judge knew at the time of the hearing that the judge who presided over the prior, dismissed action had resolved the same Parham identification question in defendant's favor and ruled that the evidence had to be suppressed. Defendant finally spoke up during the *Ginther* testimony and told his attorney, at which time the judge adjourned the proceedings.

The proceedings after adjournment took on the character of a motion for a new trial. The prosecutor conceded that admission of the Parham identification testimony was, in his view, unwittingly erroneous. The judge then reviewed the identification evidence, excising Parham's identification, and determined that there was identification testimony that was otherwise sufficient to sustain a verdict of guilty.

This was a bench trial, and the experienced and learned trial judge noted that, in determining the verdict, he in fact had not placed much weight on Parham's testimony. He stated that his reasons for this were, first, because a police officer who had been present at the scene testified that Parham was "hysterical" and, further, that she had shown some indecision at subsequent showups. Accordingly, the judge stated, he would rely on Parham's testimony solely for the purpose of establishing that the robbery had been perpetrated by one (unidentified) man and no other.

The judge then stated that he affirmed the verdict. He found that Odell Inge's testimony, coupled with the judge's own finding that there was only one perpetrator and thus no possibility of confusion, was decisive. The judge stated that he placed significant weight on Inge's identification for several reasons. First, Inge had prior knowledge of defendant (Inge testified that he had "grown up" with defendant, whom he knew as "Bulldog"). Second, Inge had seen defendant earlier on the day in question. Finally and most decisively, the judge noted, Inge had testified that defendant had shown him a .32 caliber revolver at that time, which was the same caliber as the weapon with which the decedent had been shot later that day.

Unlike the majority, I am not prepared to attribute to the parties involved in the error a knowledge which they steadfastly deny, and of which there is no contrary evidence, except our 20/20 hindsight with regard to what we believe should have been obvious to everyone involved. Even more importantly, I see no basis for questioning the trial court's determination that the improperly admitted evidence did not unduly influence his determination of guilt. This was a bench trial and we have repeatedly, and correctly, held that, un-

like a jury, a trial judge possesses an understanding of the law which allows errors to be ignored and a case to be decided solely on the basis of properly admitted evidence. *People v Farmer,* 30 Mich App 707, 710-711; 186 NW2d 779 (1971); *People v Jones,* 168 Mich App 191, 194; 423 NW2d 614 (1988). The trial court stated that it decided the case on the basis of the properly admitted evidence. In my opinion, we do violence to settled law by questioning that determination.

I do agree, however, that defendant is entitled to a new trial on the basis of his claim of ineffective assistance of counsel. I agree with the majority's conclusion that counsel's assistance was ineffective under the standards articulated either in *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), or *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 674 (1984). See *People v Dalessandro,* 165 Mich App 569; 419 NW2d 609 (1988).

Therefore, I concur in the reversal of the convictions and the remand for a new trial, although I see no reason to assign the case to a different judge.