*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
April 20, 2023

v

JESSICA NICHOLE KROPIEWNICKI,

        Defendant-Appellant.

No. 358442
Oakland Circuit Court
LC No. 2019-271657-FC

Before: CAVANAGH, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Defendant Jessica Nichole Kropiewnicki appeals as on leave granted[1] her plea-based conviction and sentence for assault with intent to commit murder, MCL 750.83. She was sentenced to 15 to 30 years' imprisonment for that offense. On appeal, defendant argues that she is entitled to resentencing because she did not receive or read her presentence investigation report (PSIR) before she was sentenced, as she had right to do pursuant to MCR 6.425(D)(1)(a) and the Fourteenth Amendment, and because the trial court improperly announced part of her sentence before it heard defendant's allocution. We affirm.

## I. BACKGROUND FACTS

At a *Cobbs*[2] evaluation on February 20, 2020, defendant pleaded no contest to assault with intent to commit murder. The evaluation provided that her minimum sentence would be no more than five years, and it was contingent upon defendant honoring the terms of the accompanying agreement. Defendant violated the terms of the agreement by removing her tether and absconding before sentencing. The trial court accordingly ruled that the five-year minimum sentence pursuant to the *Cobbs* evaluation was forfeited. Defendant was apprehended by the police a few weeks later.

---

[1] *People v Kropiewnicki*, 509 Mich 988 (2022).

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

Defendant was sentenced on September 30, 2020. The guidelines range provided for a minimum sentence between 10.5 years and 17.5 years in prison. Before the victim spoke during the hearing, the trial court announced, "I know what I'm gonna' do." The victim then addressed the trial court and recounted the physical, emotional, psychological, and financial impacts that the assault had on his life. The prosecution also added details about the trauma that resulted from the assault, specifically noting the victim's increased anxiety and that of his family. During these statements, the trial court interrupted the prosecution for the following exchange with defendant:

> *The Court*: (Indiscernible) every time you shake your head (indiscernible) [defendant], every time you laugh, every time you shake your head, that's another year that's being added to your sentence.
>
> *Defendant*: Well, I'm sorry, it's just that it's—
>
> *The Court*: Don't say anything else. I'm just tellin' 'ya. I just added three more—
>
> *Defendant*: I'm not laughing. I'm not laughing because of that. It's just I'm, I'm nervous and I get this—
>
> *The Court*: You'll have an opportunity to talk. Don't talk now. Go ahead, [prosecutor].

After that exchange, the prosecution continued describing the impact that the assault had on the victim and his family. Next, defense counsel requested that the trial court select a sentence at the bottom of the guidelines range. Defendant then addressed the trial court and apologized for what she did, noted how well she did on the tether until shortly before the original sentencing, and asked the trial court to consider that she struggles with anxiety and depression and that she participated in the crime because another individual threatened her. After admonishing defendant for violating the terms of the *Cobbs* agreement, the trial court sentenced her to 15 to 30 years' imprisonment.

Defendant filed a motion to correct an invalid sentence, arguing that the trial court did not comply with MCR 6.435(D)(1)(a) because it did not determine on the record that she had the opportunity to read and discuss the PSIR with her attorney before sentencing her. Defendant also argued that the trial court violated her Fourteenth Amendment right to be sentenced on the basis of accurate information by sentencing her without ensuring she had an opportunity to read and review the PSIR. Defendant's motion was accompanied by her own affidavit stating that she did not review, and was not given the chance to review, the PSIR before sentencing. The prosecution responded by arguing that the trial court did not have to ask defendant whether she had read the PSIR before sentencing her. Additionally, the prosecution asserted that even if the trial court did err in this regard, the error was harmless because defendant actually had the opportunity to review the PSIR before sentencing. The prosecution submitted an email that previous defense counsel, Douglas Oliver, sent to defendant on July 10, 2020, with the PSIR attached.

At the hearing on the motion, appellate counsel stated that defendant did not contest that she received an email with the PSIR several months before sentencing, but asserted that she did not have access to the PSIR during the week that she was in jail before sentencing. Oliver testified

that he sent defendant a copy of the PSIR through email on July 10, 2020, five days before sentencing was originally scheduled to occur. Oliver testified that he also discussed the PSIR with defendant before July 15, 2020, and had a couple more conversations with defendant after that date. Oliver stated that he discussed particulars of the PSIR with defendant prior to sentencing. Oliver made a copy of the PSIR and brought it to defendant on September 26, 2020, while she was in jail awaiting sentencing. Oliver left a copy at the jail for defendant. Oliver also had a video visitation with defendant that day and advised her that he had left the PSIR for her. The PSIR did not change between July 10, 2020, and September 30, 2020. Defendant told Oliver that she had read and reviewed the PSIR after Oliver emailed it to her on July 10, 2020. Oliver did not know whether defendant received the PSIR that he delivered to the jail on September 26, 2020. However, Oliver did indicate that defendant informed him of her surgery after July 10, 2020, and that he identified that fact for the trial court at sentencing.

After Oliver finished testifying, defendant's counsel argued that, although defendant did have the opportunity to read the PSIR in July, she had the right to review it while she was in jail prior to sentencing, and the trial court erred by not ensuring that she had that opportunity while in jail. Her counsel also asserted that the trial court erred by lengthening her sentence based upon her in-court behavior at sentencing. The prosecution responded that defendant did not establish a reason for the trial court to correct the sentence because she did in fact have an opportunity to read and review the PSIR before sentencing.

The trial court held that MCR 6.425(D)(1)(a) was not violated because the sentencing judge determined, based upon the discussions on the record, that defendant had an opportunity to review the PSIR with Oliver before sentencing. Additionally, the trial court held that even if the PSIR was modified, the guidelines range would not have changed. Accordingly, the trial court concluded that the sentence was valid.

Defendant sought leave to appeal in this Court, which was denied for a lack of merit in the grounds presented. *People v Kropiewnicki*, unpublished order of the Court of Appeals, entered October 19, 2021 (Docket No. 358442). Defendant then sought leave to appeal in our Supreme Court, and that Court remanded the case to this Court for consideration as on leave granted. *People v Kropiewnicki*, 509 Mich 988 (2022).

II. PSIR REVIEW

Defendant argues that the trial court violated MCR 6.425(D)(1)(a) and her Fourteenth Amendment right to be sentenced on the basis of accurate information by failing to determine on the record that she had the opportunity to read and review the PSIR in the week prior to sentencing when she was in jail. We disagree.

"The proper interpretation and application of a court rule is a question of law that is reviewed de novo, and to the extent that this case implicates constitutional issues, they are likewise reviewed de novo." *People v White*, 337 Mich App 558, 567; 977 NW2d 138 (2021) (cleaned up).

"To ensure accuracy, the defendant must be given an opportunity to review his presentence investigation report before sentencing." *People v Maben*, 313 Mich App 545, 553; 884 NW2d 314 (2015) (quotation marks and citation omitted). Pursuant to MCR 6.425(D)(1)(a), "[a]t sentencing,

the court must, on the record . . . determine that the defendant, the defendant's lawyer, and the prosecutor have had an opportunity to read and discuss the presentence report[.]" This court rule implicates "a defendant's due process right to the use of accurate information at sentencing." See *People v Daniels*, 192 Mich App 658, 675; 482 NW2d 176 (1991).

As an initial matter, MCR 6.425(D)(1)(a) does not expressly require that the trial court ask and confirm with the defendant on the record that he or she had the opportunity to read and discuss the PSIR. Instead, MCR 6.425(D)(1)(a) requires the trial court to "determine" on the record whether defendant had this opportunity. Arguably, the trial court had a basis to "determine" that defendant had this opportunity because her attorney, Oliver, communicated to the court that defendant recently had surgery, and he was unlikely to be aware of this fact unless he had discussions concerning the contents of the PSIR with defendant before sentencing. By then proceeding to impose sentence, the trial court implicitly may have determined that defendant had an opportunity to read and discuss the PSIR, thus satisfying MCR 6.425(D)(1)(a). See *People v Farmer*, 30 Mich App 707, 711; 186 NW2d 779 (1971) ("In the absence of proof to the contrary trial judges are presumed to follow the law.").

In any event, even if the trial court did violate MCR 6.425(D)(1)(a), the error only merits resentencing if it prejudiced defendant. See MCR 2.613(A) ("An error . . . in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice."). Here, defendant failed to show that she was prejudiced from the trial court's alleged error. Defendant's brief on appeal states the following: "Jessica did have the opportunity to read her presentence report on July 10, 2020[,] when Oliver emailed it to her . . . ." Additionally, Oliver, at the hearing on defendant's motion to correct an invalid sentence, testified that he emailed defendant the PSIR on July 10, 2020, and discussed it with her a few days later, before July 15, 2020. Oliver also testified that defendant told him that she had read and reviewed the PSIR after she received it on July 10, 2020. Defendant later contacted her attorney, Oliver, and informed him of her surgery, and Oliver addressed that fact at sentencing. This specifically shows that defendant had the opportunity to review and discuss the PSIR with her attorney. Accordingly, even if required, the trial court's failure to directly ask and confirm that defendant had the opportunity to read and discuss the PSIR was harmless error because she admits that she had that opportunity. Defendant was not prejudiced even if the trial court did err under MCR 6.425(D)(1)(a).[3]

---

[3] Defendant's contention that she was prejudiced because she was not able to review the PSIR in the week prior to sentencing lacks merit. MCR 6.425(D)(1)(a) entitles a defendant to the opportunity to review the PSIR before sentencing, not the opportunity to review it in some specified timeframe before sentencing. Accordingly, defendant's argument that her Fourteenth Amendment right to be sentenced on the basis of accurate information was violated because she was not able to review the PSIR in the week before sentencing is meritless. Appellate counsel admitted that there was no rule mandating that a defendant must have access to the PSIR in the week prior to sentencing. The PSIR that defendant was given on July 10, 2020, and reviewed with her attorney, did not change prior to sentencing.

### III. PREDETERMINED SENTENCE

Defendant argues that the trial court erred by announcing part of her sentence—three additional years—before she was given an opportunity for allocution. We disagree.

Defendant concedes that this issue is unpreserved. Unpreserved errors are reviewed for plain error. *People v Allen*, 507 Mich 597, 604; 968 NW2d 532 (2021). The plain error test has the following elements:

> (1) error must have occurred, (2) the error was plain, i.e., clear or obvious, (3) the plain error affected substantial rights, and (4) once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence. [*People v Randolph*, 502 Mich 1, 10; 917 NW2d 249 (2018) (cleaned up).]

Under MCR 6.425(D)(1)(c), the defendant must be given "an opportunity to advise the court of any circumstances [he or she] believe[s] the court should consider in imposing sentence[.]" See also *People v Kammeraad*, 307 Mich App 98, 149; 858 NW2d 490 (2014) ("With respect to defendant's right of allocution, MCR 6.425(E)(1)(c)[4] provides that at sentencing, the court is required on the record to give defendants an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence.") (cleaned up). Providing the defendant with an opportunity to adequately address the court prior to the imposition of sentence is sufficient to satisfy MCR 6.425(D)(1)(c). See *People v Bailey*, 330 Mich App 41, 67-68; 944 NW2d 370 (2019). However, "[t]o afford the defendant an opportunity to speak after the court, in effect, announces it has no intention of changing the sentence renders the allocution meaningless." *People v McNeal*, 150 Mich App 85, 90; 389 NW2d 708 (1985).

Defendant contends that the trial court erred by announcing that it was adding three years to her sentence before she was allowed to allocute. Defendant claims that this constituted a partial imposition of her sentence, which violated MCR 6.425(D)(1)(c) because she had not been given a chance to allocute before the trial court announced its partial sentence. We disagree with defendant's characterization of the trial court's statement. Although the trial court may have decided to increase the sentence that it ultimately gave defendant based on her behavior at sentencing, it did not announce what her sentence would be. The trial court essentially stated that whatever sentence it decided to impose would be increased by three years because of her disrespectful behavior. Importantly, the advisory guidelines range for provided for a minimum

---

[4] MCR 6.425(D)(1)(c) is the current version of the former MCR 6.425(E)(1)(c), as amended December 31, 2020, 504 Mich cv (2020). Both versions are identical in language, the only change is that MCR 6.425(E)(1) is now found at MCR 6.425(D)(1).

sentence between 10.5 and 17.5 years, and the trial court sentenced defendant to 15 to 30 years' imprisonment, meaning that the minimum sentence was well within the guidelines range.

We note that defendant does not argue that the trial court improperly considered her behavior at sentencing. In other words, she does not argue, for example, that her laughter was an arbitrary reason to increase her sentence by three years.[5] Defendant only argues that she was denied a meaningful allocution because the trial court partially announced her sentence before she had the opportunity to allocute. As explained, we disagree. The trial court announced that it would add time to her sentence because of her disrespectful behavior while the prosecution was describing the life-altering impacts that the violent attack had on the victim and his family. In doing so, the trial court did not impose a sentence or announce what her sentence would be. Rather, it simply warned defendant that her disrespectful behavior was going to affect her ultimate sentence. This did not violate her right to a meaningful allocution. Importantly, defendant was allowed to address the court for as long as she wanted before being sentenced. Thus, the trial court complied with MCR 6.425(D)(1)(c) because it allowed defendant to allocute before ultimately imposing the sentence that it imposed, and there was no plain error.

IV. CONCLUSION

There were no errors warranting relief. We affirm.

/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra
/s/ Michael J. Riordan

---

[5] To the extent that defendant intended to raise such an argument, she has provided no legal support for it. We therefore deem it abandoned. See *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002).